## SACKETT v. METROPOLITAN LIFE INSURANCE CO.

1. INSURANCE—PRESUMPTION OF DEATH—EVIDENCE OF DILIGENT SEARCH.

   In order to maintain action on life insurance policy, on presumption of insured's death after absence of seven years, there must be evidence of diligent search and inquiry; what is diligence depending on facts and circumstances of each particular case (3 Comp. Laws 1929, § 13467).

2. SAME.

   In wife's action on husband's life insurance policy, on presumption of his death after absence of seven years, finding of trial court that there had been diligent search and inquiry, *held*, justified under evidence showing that insured was laborer and left wife and five children; that wife was left with little money; that she made inquiry at his place of work, of certain relatives, of sheriff, at county building; that she visited morgues, and that notice was published in Detroit paper.

3. DEATH—PRESUMPTION OF DEATH FROM ABSENCE—INFERENCE OF DEATH—EVIDENCE.

   Inference of death before expiration of seven-year period is permissible, even in absence of evidence showing exposure of absentee to specific peril, where, taking into consideration circumstances relating to character, habits, condition, affections, attachments, prosperity, and objects in life of absentee which usually control conduct of men, no reasonable explanation could be given for his absence except that of death.

4. INSURANCE—INFERENCE OF DEATH—EVIDENCE.

   In wife's action on husband's life insurance policy, on presumption of his death after absence of seven years, where insured had provided well for wife and children, lived happily with them, was upright citizen, enjoyed association of friends, was successful in his employment, and, in modest way, in accumulation of wealth, inference drawn by trial judge that insured died on or about date of his disappearance, and within life of his policy, *held*, justified, although there was no evidence that at time of disappearance he was exposed to any specific peril.

As to circumstances justifying inference of death of insured before the lapse of seven years from his disappearance, see annotation in 34 A. L. R. 1390; 61 A. L. R. 1328.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted June 15, 1932. (Docket No. 99, Calendar No. 36,569.) Decided December 6, 1932.

Assumpsit by Alice C. Sackett against Metropolitan Life Insurance Company on a life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Berger & Berger,* for plaintiff.

*Bulkley, Ledyard; Dickinson & Wright (Robert W. Conder,* of counsel), for defendant.

CLARK, C. J. Earl H. Sackett left his home in Ecorse on the morning of October 15, 1921, went to his work in a shop, worked until noon, left the shop, and has never been seen or heard of since. He owned a home and left a wife and five young children.

Plaintiff, the wife, beneficiary in a policy of life insurance, awaited the coming of the statutory presumption of death after absence of seven years (3 Comp. Laws 1929, § 13467), and brought suit on the policy and prevailed in a trial without a jury. Defendant has appealed and contends:

*First:* That the evidence does not show diligent search and inquiry, which, counsel all agreed, must be made. *Bailey* v. *Bailey,* 36 Mich. 181. Each case must be determined on its own facts. What might be diligence in one case might not even approach it in another. Here the plaintiff was the wife of a laborer. She had five young children. She was left with little or no ready money. She made inquiry at his place of work, of certain of his near relatives, and at the county building. She saw the sheriff. She visited morgues. A notice was published in the

Detroit News. On the facts and circumstances of this case a finding of diligent search and inquiry is approved.

*Second:* That there was not sufficient evidence to sustain the finding that insured died on or about October 15, 1921, and within the life of the policy. *Griffin* v. *Northwestern Mutual Life Ins. Co.,* 250 Mich. 185.

It does not appear that insured, at the time of his disappearance, was exposed to any specific peril to bring this case within the so-called peril cases. *Griffin* v. *Northwestern Mutual Life Ins. Co., supra.*

In a note, 34 A. L. R. 1390, many respectable authorities are cited holding, it is said:

"That an inference of death before the expiration of the seven-year period was permissible, even in the absence of evidence showing the exposure of the absentee to a specific peril, where, taking into consideration the circumstances, relating to the character, habits, condition, affections, attachments, prosperity, and objects in life of the absentee, which usually control the conduct of men, no reasonable explanation could be given for his absence."

And to the list of authorities there cited may be added the later case of *Ledger* v. *Northwestern Mutual Life Ins. Co.,* 258 Mich. 26.

The evidence as a whole is to the effect that insured was a good husband, provided well for his wife and children, and lived happily with them. He appears to have been an upright citizen, not perfect but human, to have enjoyed association of friends, successful in his employment and, in his modest way, in the accumulation of wealth. His disappearance on October 15, 1921, from his loved ones, his friends, his employment, from any other cause than death is, on this record, improbable and without motive and

inconsistent. *Tisdale* v. *Connecticut Mutual Life Ins. Co.,* 26 Iowa, 170 (96 Am. Dec. 136).

The inference, drawn by trial judge, that insured died on or about October 15, 1921, and within the life of the policy, is reasonable and is sustained.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.