## MEYER v. STATE LINE SUPER MART, INC.

1. INTOXICATING LIQUOR—LIABILITY UNDER CIVIL DAMAGE ACT—ORIGINAL SELLER—TRANSFER TO OTHERS.

   Statutory liability for the unlawful sale of intoxicating liquor rests on the immediate seller so that if such liquor is transferred by purchaser to others who drink it, become intoxicated, and cause injury to either person or property of a third party, the original seller of the liquor is not liable (CL 1948, § 436.22, as amended by PA 1958, No 152).

2. PLEADING—FACTS STATED IN DECLARATION.

   The facts required to be stated in the declaration are deduced from other facts to be found from the testimony and must be such as to enable the court to declare the law in the case so that there will be seen the facts upon which the rights of the plaintiff are made to depend.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 30 Am Jur, Intoxicating Liquors § 537.
[2] 41 Am Jur, Pleading § 6 *et seq.*
[3] 41 Am Jur, Pleading § 290.
[4] 41 Am Jur, Pleading § 3.
[5] 41 Am Jur, Pleading §§ 7, 8, 87, 88.
[7] 5 Am Jur 2d, Appeal and Error § 1011.

3. SAME—AMENDMENT.

A trial court may, upon its own motion, require the filing of an amended pleading whenever any pleading is deemed indefinite, uncertain, or incomplete, as all pleadings must contain a statement of the facts on which the party filing it relies in presenting his cause of action (Court Rule No 17, § 9 [1945], as amended in 1953).

4. SAME—NOTICE TO OPPOSITE PARTY.

The chief object of a declaration is to apprise the opposite party of the cause of action and the claims of the plaintiff.

5. SAME—EVIDENCE—ANTICIPATION OF DEFENSE.

A plaintiff's declaration need not (1) state the circumstances tending to prove the facts alleged or the character of the evidence upon which he intends to rely, or (2) anticipate matters of defense which the defendant may possibly set up.

6. INTOXICATING LIQUORS — CIVIL DAMAGE ACT — DECLARATION — AMENDMENT.

Plaintiff in action under the civil damage act for injuries to her son as the result of stabbing in abdomen by 1 of 4 boys who made an unprovoked assault upon her son after the 4 had become intoxicated from drinking beer which had been purchased by another of the 4 without defendant having required proof of age of the purchaser, where agency of the purchaser was alleged and evidence of knowledge on part of defendant of such agency may well have been more in the defendant than plaintiff *held,* entitled to amend declaration so as to make it more certain, definite and complete, with particular reference to objections urged by defendant (Court Rule No 17, § 9 [1945], as amended in 1953).

7. COSTS—REMAND FOR AMENDMENT OF PLEADING.

No costs are allowed to plaintiff-appellant on her appeal from order dismissing her declaration, where case is remanded for amendment with reference to defendant's objections (Court Rule No 17, § 9 [1945], as amended in 1953).

Appeal from Berrien; Zick (Karl L.), J. Submitted Division 3 June 14, 1965, at Grand Rapids. (Docket No. 244.) Decided October 18, 1965.

Declaration by Louise Meyer, mother and natural guardian of John Meyer, an unemancipated minor, against State Line Super Mart, Inc., a Michigan

corporation, for damages under the civil damages provision of the Michigan liquor control act. Defendant's motion to dismiss granted. Plaintiff appeals. Reversed and remanded with leave for plaintiff to amend declaration.

*Victor L. McFadden,* for plaintiff..

*Seymour & Seymour (Dale E. Seymour,* of counsel), for defendant.

Holbrook, J. This case was commenced September 11, 1962, under the civil damages provision of the Michigan liquor control act (CL 1948, § 436.22, as amended by PA 1958, No 152 [Stat Ann 1959 Cum Supp § 18.993]) against defendant State Line Super Mart, Inc., a Michigan corporation. Plaintiff Louise Meyer, mother and natural guardian of John Meyer, an unemancipated minor, bases her action upon two alleged unlawful sales of beer by defendant February 5, 1961, to one William H. Braunsdorf, a minor, who it is claimed was agent for three other minors, including Craig A. Dombkowski. Plaintiff further alleged the four of them consumed the beer and became intoxicated, and in that condition, made an unprovoked assault upon John Meyer, and Dombkowski is alleged to have stabbed the said John Meyer, in the abdomen, causing serious injuries for which plaintiff seeks damages.

Defendant moved to dismiss the declaration of plaintiff for the reason that it failed to state a cause of action, in that illegal sales were allegedly made by defendant to Braunsdorf, whereas the stab wounds were allegedly inflicted by Dombkowski. The pertinent portions of plaintiff's declaration appear in the footnote.[1]

---

[1] "(4) That on or about the aforesaid 5th day of February, 1961, and at all times herein, William H. Braunsdorf, Craig A. Dombkowski,

The trial judge in a well-written opinion dated February 26, 1963, granted the motion to dismiss stating in part:

"Primarily the court feels that the decision in this case rests on the principle of a connected proximate cause of the illegal sale and the court feels that such is not set forth in the declaration. Under the declaration it is very obvious that there were several independent and intervening acts that occurred prior to the injury which were in no way, *under the pleadings,* connected with the defendant's illegal sale and with its responsibility therefor.

---

Natale Baldoni, and Jack Russell Budd were minors within the meaning of said Michigan liquor control act, CL 1948, § 436.33 (Stat Ann 1957 Rev § 18.1004); that on said date said minors motored from the city of South Bend, St. Joseph county, Indiana, to the defendant's place of business on highway US–31 south, in or near the city of Niles, Berrien county, Michigan; that said William H. Braunsdorf, upon reaching defendant's place of business at approximately 4:30 p. m., at the request of and as agent or servant of said minors, Craig A. Dombkowski, Natale Baldoni, and Jack Russell Budd, who all contributed sums of money to said William H. Braunsdorf for the purpose of purchasing alcoholic beverages from said defendant, entered the defendant's place of business; that at said time and place, said William H. Braunsdorf purchased a certain quantity of alcoholic beverages, * * * from the defendant or its agent, servant, or employee, without furnishing any proof of his age to the defendant, that said defendant or its agent, servant, or employee failed to ask for or demand of said William H. Braunsdorf any identification as a proof of his age and ability to purchase alcoholic beverages within the meaning of the aforementioned Michigan liquor control act, CL 1948, § 436.33 (Stat Ann 1957 Rev § 18.1004).

"(5) That on said date, at approximately 5:30 p. m., said minors returned to defendant's said place of business and William H. Braunsdorf again entered said place of business and purchased a quantity of alcoholic beverages * * * (balance of the paragraph same as in paragraph [4]).

"(6) That after said return trip to the defendant's place of business said minors motored to the city of South Bend, St. Joseph county, Indiana, where said minors, while intoxicated, conspired and did engage the plaintiff's minor son, John Meyer, in an unprovoked assault upon said John Meyer, and said minor Craig A. Dombkowski did then and there stab said John Meyer in the abdomen, rendering said John Meyer sick and disabled, both temporarily and permanently, as hereinafter more particularly described; that said stabbing by said Craig A. Dombkowski, while intoxicated, was a direct proximate and foreseeable consequence of the sale of alcoholic beverages to said minors as aforesaid."

"It might be quite important to note that the declaration fails to state that the purchaser made any statement to any of the defendant's agents or employees indicating that he was making the purchase for others, or that the circumstances known to defendant suggested that such was the fact. Under these circumstances the defendant had no knowledge or reason to believe that the liquor sold to Braunsdorf was to be furnished to the person who became intoxicated and committed the assault upon the minor, John Meyer." (Emphasis supplied.)

Plaintiff, on March 18, 1963, moved to set aside said order which motion was denied. From said denial, plaintiff appeals.

The declaration having been filed prior to the effective date of GCR 1963,[2] it was agreed by both parties that the Court Rules of 1945, as amended, would be applied by the trial court.

Both plaintiff and defendant rely upon the decision in *Maldonado* v. *Claud's Incorporated* (1956), 347 Mich 395, a similar case, except that the matter was tried on the merits and the trial court, after verdict for the plaintiff, granted a judgment for the defendant *non obstante veredicto*. In the *Maldonado Case*, on pp 406, 409, Mr. Justice CARR states in part:

"As a general proposition, statutory liability for the unlawful sale of intoxicating liquor rests on the immediate seller so that if such liquor is transferred to others who drink it, become intoxicated, and cause injury to either person or property of a third party, the original seller is not liable. (See quote from *West* v. *E. P. Leiphart & Co.*, 169 Mich 354.) * * *

"In the case at bar the purchase, which the jury found from the testimony was made, was by Mario. He did not act as agent of his companions, or any

<hr>

[2] See GCR 1963, 14.—REPORTER.

of them. The latter had no interest, other than a possible expectant one, in the beer and no right to insist that Mario share it with them. His doing so was a mere act of hospitality on his part. *No claim is made, and there is no proof tending to show, that he made any statement to any of defendant's agents or employees indicating that he was making the purchase for others, or that the circumstances known to defendant suggested that such was the fact."* (Emphasis supplied.)

Had the plaintiff asserted in his declaration and introduced evidence to the effect: "that it had been represented to defendant's agents or employees that Mario was making a purchase for others or that circumstances then existing, known to defendant, suggested that such was the fact," the verdict for plaintiff would have been proper.

In our case plaintiff failed to allege these facts, which in the *Maldonado Case* where such *allegations and proof thereof* were lacking, was held to be fatal. The question now arises whether there was sufficient allegations in plaintiff's declaration to permit continuation of the action.

The early case of *Hanselman* v. *Carstens* (1886), 60 Mich 187, 193, treats the subject of sufficiency of averments and pronounces the rule:

"The facts required to be stated in the declaration, like those found by a special verdict, are deduced from other facts to be found from the testimony, and must be such as will enable the court to declare the law in the case; so that it will be seen that the facts upon which the rights of the plaintiff are made to depend, are in a certain sense conclusions, but are nevertheless the kind of facts required in pleading in stating plaintiff's cause of action, while the others are the testimony furnishing the evidence of those facts, and not proper to be given in the declaration."

A thorough treatment of the subject of sufficiency of pleadings is dealt with in the recent case of *Steed v. Covey* (1959), 355 Mich 504, wherein Mr. Justice CARR on pp 507, 509, and 511 states in part as follows:

"Section 9 of Rule No 17, as amended, effective April 1, 1953 (335 Mich lxii),[3] further provides that the trial court may upon its own motion, whenever any pleading is deemed indefinite, uncertain, or incomplete, require the filing of an amended pleading. In accordance with said rule all pleadings must contain a statement of the facts on which the party filing same relies in presenting his cause of action or defense. It is contemplated that declarations and answers shall be as brief as reasonably possible without averments of matters of evidence, *  *  *

"This Court has repeatedly recognized that the chief object of a declaration is to apprise the opposite party of the cause of action and the claims of the plaintiff. *Eberbach* v. *Woods*, 232 Mich 392, 396; *Michigan Aero Club* v. *Shelley*, 283 Mich 401, 408 (1938 US AvR 134, 1 CCH Av 750); *Leslie* v. *Mendelson*, 302 Mich 95, 103. The question is presented in consequence, whether plaintiff's pleading in the instant case fairly serves the purpose contemplated by accepted rules of practice. *  *  *

"It is not required that the plaintiff aver any fact which is not necessary to his right. He is not required to state the circumstances tending to prove the facts alleged,—the character of the evidence upon which he intends to rely,—or to anticipate matters of defense which the defendant may possibly set up. In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense."

---

[3] Present rule, GCR 1963, 115.1.

Braunsdorf, in purchasing the beer from defendant, could have been legally acting for Dombkowski, as agent, and under proper circumstances, could subject defendant to damages caused by Dombkowski. See *Ryerson* v. *Phelps* (1910), 163 Mich 237.

Plaintiff did allege in her declaration that Braunsdorf was the agent of Dombkowski and others and set up allegations to show the nature of such agency. She further stated that there was an illegal sale to all four minors by reason of the agency claimed. She did not specifically connect the defendant with such agency by alleging that defendant's agents or employees were informed that Braunsdorf was purchasing for others or that the circumstances surrounding such purchases would indicate to defendant that such was the fact. These facts may very well have been more in the knowledge of defendant than plaintiff.

We conclude under the circumstances that the case should not have been dismissed. The cause of action was defectively stated however, as ruled in *Steed* v. *Covey, supra,* in lieu of dismissal, the court might have more properly required the filing of an amended declaration setting forth plaintiff's claims in more specific detail. Defendant is entitled to a concise statement of plaintiff's cause of action, with reference to its conduct as far as within the knowledge or information and belief of plaintiff.

An order will enter remanding the case to the trial court to set aside the order from which plaintiff has appealed and for further proceedings requiring, however, in accordance with Court Rule No 17, § 9 (1945), as amended,[4] that plaintiff shall within 15 days after notice of this remand file a more certain, definite, and complete declaration,

---

4 Present court rules, GCR 1963, 117.3 and 118 also permit amendments.

with particular reference to the objections urged by appellee to the pleading involved herein. Because of the disposition of the matter, no costs are allowed.

FITZGERALD, P. J., and McGREGOR, J., concurred.