LOMPRE v VENETJOKI

1. EXECUTORS AND ADMINISTRATORS—GENERAL ADMINISTRATORS—DE-
   CEDENTS—RIGHT TO BRING ACTION.

   A general administrator, as the personal representative of a
   decedent, generally has no more right to bring a cause of action
   than the decedent would have had.

2. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATORS—DIS-
   APPEARED PERSONS—DAMAGES—WRONGFUL DEATH—STATUTES.

   The special administrator of the estate of a disappeared person
   does not have the authority to bring a suit on behalf of the
   next of kin for damages analogous to those under the wrongful
   death statute, because such an action may be brought only
   under the wrongful death statute (MCLA 600.2922).

Appeal from Baraga, Stephen D. Condon, J.
Submitted May 16, 1975, at Marquette. (Docket
No. 20950.) Decided August 12, 1975.

Complaint by Robert L. Lompre, Special Admin-
istrator of the Estate of Noah Lompre, a disap-
peared person, against Viljo Venetjoki and Pirkko
Venetjoki for damages arising out of the disap-
pearance of Noah Lompre from a rest home. Sum-
mary judgment for defendants. Plaintiff appeals.
Affirmed, and remanded with instructions.

*Wisti & Jaaskelainen,* for plaintiff.

*McLean & McCarthy,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Executors and Administrators §§ 714, 715.
[2] 31 Am Jur 2d, Executors and Administrators §§ 653, 654.

Before: D. E. HOLBROOK, P. J., and ALLEN and
D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, P. J. On March 1, 1974, Robert
Lompre, as special administrator of the estate of
Noah Lompre, a disappeared person, brought an
action against the owners of Covington Rest Home.
The complaint alleged,

"4. That said defendants were negligent in the prem-
ises and that such negligence was the proximate cause
of the disappearance of Noah Lompre and that the said
defendant *[sic]* was *[sic]* negligent as follows:
"A. In failing to properly supervise Noah Lompre.
"B. In failing to have the necessary help and assist-
ance available to supervise Noah Lompre.
"C. In failing to advise the family of said disappeared
person of the fact that the rest home was not capable of
caring for Noah Lompre.
"D. That the said defendants were otherwise gener-
ally careless, reckless and negligent in the premises."

The damages claimed were analogous to damages
under the wrongful death statute, MCLA 600.2922;
MSA 27A.2922.

On March 27, 1974, the defendants filed a mo-
tion for summary judgment. As grounds for the
motion the defendants asserted that a special ad-
ministrator for the estate of a disappeared person
has no statutory or common law authority to bring
an action on behalf of the next of kin for that
person's disappearance. That motion was granted
by order of June 25, 1974, pursuant to GCR 1963,
117.2.

The plaintiff now brings an appeal from that
order, and raises the issue of whether a cause of
action accrues to a special administrator of the
estate of a disappeared person on behalf of the
next of kin for the negligence of a convalescent

home in failing to supervise, resulting in the disappearance of a person.

The powers of a special administrator for the estate of a disappeared person are defined in MCLA 705.30; MSA 27.3178(350) thusly:

"Such special administrator shall, before entering upon his trust, give a bond as prescribed by law for other administrators, and shall, during his term of office, have such general powers, and perform similar duties as, special administrators as provided for by law."

Under the section of the probate code generally defining the duties and responsibilities of fiduciaries the powers of a special administrator are not defined. See MCLA 704.1 *et seq.;* MSA 27.3178(251) *et seq.* The only portion of the probate code describing the responsibilities of a special administrator is the section concerning decedents' estates. There the code provides:

"All personal actions, the cause of which does by law survive and which may be pending either for or against the deceased, may be proceeded with and be prosecuted by or against such special administrator, and the same proceedings taken as are or may hereafter be provided by law relating to such actions in cases where an executor or general administrator has been appointed." MCLA 702.61; MSA 27.3178(131).

This section seems to indicate that a special administrator has the same power as a general administrator to proceed by action or suit in the courts.

As a general proposition, it is true that a general administrator, as the personal representative of the decedent, has no more right than the decedent would have in bringing a cause of action.

*Crowther v Baird,* 195 Kan 134; 402 P2d 753 (1965), *Rhyner v Hartl,* 239 Wis 589; 2 NW2d 248 (1942), 34 CJS, Executors and Administrators, § 692, p 665. It is clear that the disappeared person could not bring an action on behalf of his next of kin if he, himself, did not share that cause of action. So too, the special administrator can no more bring an action on behalf of the next of kin when he does not share that cause of action.

An administrator can only bring a cause of action on behalf of the next of kin in the context of the wrongful death statute. That action is a creature of the particular statute and not a part of the common law. *Courtney v Apple,* 345 Mich 223; 76 NW2d 80 (1956). It appears then, that the special administrator could have no power to bring a cause of action on behalf of the next of kin except in the context of the wrongful death statute since there is no statutory nor common law precedent for such a course of action.

We determine that the special administrator of the estate of a disappeared person does not have the authority to bring a suit on behalf of the next of kin for damages analogous to those under the wrongful death statute, and, therefore, the trial court under the pleadings submitted was correct in granting the motion for summary judgment. However, in accord with our desire to permit the cause of action to be properly submitted to the trial court through amendments to the pleadings[1] and in accord with a stipulation entered into by the respective attorneys for the parties to this action, we remand the cause to the trial court under the following conditions:

1. The plaintiff shall have 90 days from the date

---

[1] *Meyer v State Line Super Mart, Inc,* 1 Mich App 562; 137 NW2d 299 (1965).

of the opinion of the Court in which to amend his complaint, to add parties thereto and to allege new causes of action therein, as follows:

(a) Robert Louis Lompre (or other suitable person), as Administrator of the Estate of Noah Lompre, a disappeared person, and/or as Noah Lompre's next friend and/or legal guardian, may allege therein such claim or claims arising out of the said disappearance to recover damages personally suffered by Noah Lompre;

(b) The next of kin of Noah Lompre, or such other persons who have personally suffered injury arising out of the disappearance of Noah Lompre may allege such claim or claims to recover damages for such personal injuries suffered.

(c) Robert Louis Lompre (or another suitable person), as Administrator of the Estate of Noah Lompre, a deceased person, may allege therein such claim or claims for Noah Lompre's alleged wrongful death;

(d) Such other claim or claims by such other party or parties in interest thereto as are not inconsistent with this opinion.

2. The defendants-appellees may retain the right to assert any and all objections to the substantive or procedural merits of any of the claims which may be brought under paragraph 1 hereof, including but not limited to:

(a) With respect to any claim asserted under 1(a), whether, as a matter of law: (1) personal injuries and damages therefor can be established if the facts show no one has seen or heard of Noah Lompre since his disappearance; and (2) if so, whether such injury and damages should be regarded as permanent or temporary and, in either case, what time period should be used to measure the same;

(b) With respect to any claim asserted under 1(b), whether, as a matter of law: (1) the next of kin of a disappeared person may assert a cause of action for recovery of damages allegedly arising out of negligence causing that disappearance and/or may assert a cause of action for alleged negligent infliction of emotional injury; (2) if so, what damages are recoverable under such a cause of action; and (3) whether such damages should be regarded as permanent or temporary and, in either case, what time standard should be used to measure the same.

(c) With respect to any claim under 1(c), whether as a matter of law: (1) a death proved by inference and probability (as opposed to actual certification thereof) falls within the definition of death as used in the wrongful death act; (2) if so, whether such a death in this case could be established to have been proximately caused by the alleged negligence of the defendants; and (3) if so, what elements of damages may be recovered under the circumstances of this case.

(d) With respect to a situation where claims are asserted under 1(a), (b) and (c), whether the plaintiff must elect between submitting 1(c) and 1(a), (b) to the jury, or whether 1(c) and 1(a), (b) may be submitted to the jury as alternative claims;

(e) With respect to such claims as are included in the amended complaint and for which judgment interest commences under statute as of the date the complaint was filed, whether judgment interest on such claims would run from the date of the original complaint herein or from the date of the amended complaint if filed.

In view of the disposition of the matter, no costs are awarded.