## LOMPRE v VENETJOKI

### OPINION OF THE COURT

1. MOTIONS—JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—COURT RULES.

A motion for summary judgment on the grounds that a plaintiff has failed to state a claim upon which relief may be granted merely tests the legal sufficiency of the claim as determined from the pleadings alone, and for the purposes of that motion, both at the trial and appellate levels, every well-pled allegation in the complaint is assumed to be true (GCR 1963, 117.2[1]).

2. MOTIONS—JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—TEST.

A motion for summary judgment on the grounds that a plaintiff has failed to state a claim upon which relief may be granted is tested by whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

3. NEGLIGENCE—WRONGFUL DEATH—SUMMARY JUDGMENT—DIFFICULTY OF PROOF.

A case in which the plaintiff has alleged all the elements of a cause of action for wrongful death, brought by a special administrator of the estate of an allegedly deceased person, is not properly disposed of by summary judgment merely because the pleadings indicate the plaintiff will have a difficult time sustaining his burden of proof.

4. EVIDENCE—DEATH—CIRCUMSTANTIAL EVIDENCE.

Both death and its cause may be established by circumstantial evidence.

### DISSENT BY M. F. CAVANAGH, J.

5. NEGLIGENCE—WRONGFUL DEATH—FAILURE TO STATE CLAIM—CONJECTURE.

*A complaint for an alleged wrongful death does not state a claim*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 61 Am Jur 2d, Pleadings § 229.
[4] 22 Am Jur 2d, Death § 241.
[5] 61 Am Jur 2d, Pleadings § 229 *et seq.*

*upon which relief can be granted where it employs conjectural
terms such as "undoubtedly", "beyond a reasonable doubt", and
"more probably than not" to describe the cause of death.*

Appeal from Baraga, Stephen D. Condon, J.
Submitted May 4, 1977, at Marquette. (Docket No.
27517.) Decided July 6, 1977.

Complaint by Robert L. Lompre, for himself and
as special administrator of the estate of Noah
Lompre, a deceased person, and Richard N.
Lompre, Elizabeth J. Shirtz and Barbara A. Swan-
son, against Viljo Venetjoki and Pirkko Venetjoki,
for damages for wrongful death. Summary judg-
ment for defendants. Plaintiffs appeal. Reversed
and remanded.

*Wisti & Jaaskelainen* (by *James F. Tercha),* for
plaintiffs.

*McLean & McCarthy,* for defendants.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH
and D. F. WALSH, JJ.

R. M. MAHER, P. J. Plaintiffs appeal from an
order granting summary judgment under GCR
1963, 117.2(1) for failure to state a claim upon
which relief can be granted. We reverse.

Plaintiff Robert Louis Lompre first brought a
wrongful death action against defendants in
March, 1974. The trial court granted summary
judgment for defendants and this Court affirmed,
*Lompre v Venetjoki,* 63 Mich App 265; 234 NW2d
664 (1975), because Robert Louis Lompre, as spe-
cial administrator of Noah Lompre, a disappeared
person, MCLA 705.29; MSA 27.3178(349), did not
have authority to bring an action under the
wrongful death statute, MCLA 600.2922; MSA

27A.2922. Pursuant to a stipulation between the parties, this Court remanded this action to permit the administrator of the estate of Noah Lompre, a deceased person, to bring an action for wrongful death against defendants. An amended complaint, in which Robert Louis Lompre, as special administrator of the estate of Noah Lompre, a deceased person, sought recovery against defendants for Noah Lompre's wrongful death, was filed below after remand from this Court.[1] Objecting to the amended complaint on the grounds that it failed to state a claim upon which relief could be granted, defendants sought and obtained summary judgment.

A motion for summary judgment brought under GCR 1963, 117.2(1), merely tests the legal sufficiency of the claim as determined from the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den,* 391 Mich 816 (1974), 1 Honigman & Hawkins, Michigan Court Rules Annotated, Committee Notes to GCR 1963, 117, pp 353–355. For the purposes of that motion, both at the trial and appellate levels, every well-pled allegation in the complaint is assumed to be true. *Bielski v Wolverine Insurance Co,* 379 Mich 280, 283; 150 NW2d 788 (1967). The test is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

Plaintiffs' amended complaint alleged that Noah Lompre, under the care of defendants at the Cov-

---

[1] Since plaintiffs' brief indicates that counts I and II of their amended complaint have been all but abandoned, and it offers no support for reversing the summary judgment as to these counts, we treat this appeal as only questioning the summary judgment on the wrongful death count (count III).

ington Rest Home, wandered away from the home in August, 1973 and has not been heard from since then. It alleges that defendants were negligent in allowing Noah Lompre to disappear and also that this negligence "undoubtedly caused the death of Noah Lompre".

Plaintiffs have alleged all the elements of a cause of action for wrongful death. Defendants do not point to any element lacking, but instead argue the impossibility of proof. While it is obvious that plaintiffs will have a difficult time sustaining their burden of proof, especially in establishing the necessary causal connection between the alleged negligence of defendants and the death of Noah Lompre, plaintiffs' ability to prove their allegations is not tested by a motion for summary judgment under GCR 1963, 117.2(1).

Circumstantial evidence may be used to establish both death, *e.g. John Hancock Mutual Life Insurance Co v Moore,* 34 Mich 41 (1876); *Sackett v Metropolitan Life Insurance Co,* 260 Mich 466; 245 NW 499 (1932), and its cause, *People v Miller,* 231 Mich 273; 203 NW 862 (1925); *People v Berles,* 30 Mich App 716; 186 NW2d 852 (1971).

Plaintiffs should be allowed to present to the trier of fact whatever evidence they have to support the claim of wrongful death.

*Reversed and remanded.*

D. F. Walsh, J., concurred.

M. F. Cavanagh, J. *(dissenting).* I disagree with the majority's conclusion that the trial court's grant of summary judgment was improper. The complaint is conjectural and therefore fails to state a claim upon which relief can be granted.

Paragraph 5 of Count I of plaintiffs' complaint states:

"That, as a result of the wrongful conduct of Defendants, Noah Lompre *undoubtedly* experienced pain, suffering, mental anguish, shock, mortification, and lost companionship of his next of kin and further that the wrongful conduct of the Defendants *undoubtedly* caused the death of Noah Lompre." (Emphasis added.)

The second paragraph of Count III states:

"2. That, *beyond a reasonable doubt and more probably than not,* the conduct of the Defendants have proximately caused the death of Noah Lompre." (Emphasis added.)

I cannot agree that "undoubtedly", "beyond a reasonable doubt", and "more probably than not" are terms which "state" a claim. I would affirm.