## BIELSKI v. WOLVERINE INSURANCE COMPANY.

1. INSURANCE—COMPULSORY ARBITRATION—WAIVER.
   Conduct of insurer with reference to arbitration, pursuant to compulsory arbitration provisions of policy, may give insured right to sue.

2. SAME—WAIVER—QUESTION FOR TRIER OF FACTS.
   Whether facts on which a claim of waiver is based are proved is a question for the trier of the facts.

3. SAME—WAIVER—QUESTION OF LAW.
   Whether facts showing waiver, if proven, amount to a waiver is a question of law.

4. CONTRACTS—WAIVER—INTENT—QUESTION FOR TRIER OF FACTS.
   The waiver of a provision in a contract is a matter of intent to be tried by the trier of the facts.

5. INSURANCE—WAIVER OF COMPULSORY ARBITRATION CLAUSE—SUMMARY JUDGMENT—QUESTION FOR TRIER OF FACTS.
   Summary judgment in action on uninsured motorist provision of insurance contract is reversed and remanded for trial, where

REFERENCES FOR POINTS IN HEADNOTES
[1] 29A Am Jur, Insurance § 1627.
   Failure of attempted appraisal under policy of insurance as affecting rights and remedies of parties. 94 ALR 499.
[2–4] 56 Am Jur, Waiver § 23.
[5] 56 Am Jur, Waiver § 23.
   29A Am Jur, Insurance §§ 1013, 1617, 1628.

claim of waiver of compulsory arbitration clause was a question for trier of facts under evidence adduced.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 November 4, 1965, at Lansing. (Docket No. 694.) Decided March 22, 1966. Leave to appeal granted by Supreme Court May 23, 1966. See 377 Mich 711, 379 Mich 280.

Complaint by Donald C. Bielski against Wolverine Insurance Company, a Michigan corporation, for benefits under an uninsured motorist provision of an insurance policy. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*van Benschoten & van Benschoten (Duane S. van Benschoten,* of counsel), for plaintiff.

*Stanton, Taylor, McGraw & Collison,* for defendant.

T. G. KAVANAGH, J. This is an appeal from a summary judgment dismissing plaintiff's suit under the uninsured motorist provision of his contract with the defendant.

The plaintiff, Donald C. Bielski, was injured in an automobile collision with another motorist alleged to be uninsured. He notified the defendant, Wolverine Insurance Company, of the collision and made claim under such uninsured motorist provision.

The insurance company disputed the claim and although both parties talked about arbitration, no arbitration was begun. The contract provisions regarding arbitration were as follows:

"1. *Damages for Bodily Injury Caused by Uninsured Automobiles.*

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an unin-

sured automobile because of bodily injury, sickness or disease, including death resulting therefrom, * * * sustained by the insured, * * * and arising out of the * * * use of such uninsured automobile; provided, for the purposes of this indorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration. * * *

6. *Arbitration.* If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile, * * * then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. * * * Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this indorsement. Such an award shall be a condition precedent to any action against the company."

At length, more than a year after the collision, the plaintiff started suit against the motorist and notified the defendant insurance company and advised them to take what steps they wished to protect their interest.

The company did not intervene in the suit and a default judgment for $10,000 against the uninsured motorist was taken by plaintiff.

The instant suit was thereafter brought for the amount of the default judgment and defended by the insurance company on the theory that plaintiff had breached the terms of his contract by not submitting to arbitration and under the contract was

excluded from recovery by the terms of the following provision:

"EXCLUSIONS

"This indorsement does not apply: (a) to bodily injury to an insured, * * * with respect to which such insured, * * * shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person * * * who may be legally liable therefor."

The plaintiff claims (1) that he made written demand to defendant to arbitrate his claim and that by defendant's delay and refusal to arrange for arbitration waived the contract requirement of arbitration, and (2) because of his refusal to arbitrate or to intervene in the suit against the uninsured motorist after notice, the defendant waived the right to enforce exclusion "a" of the policy.

The defendant denied refusing to arbitrate and maintained that the arbitration provisions were not waived, that the plaintiff breached the arbitration requirements of the contract, and by proceeding to judgment against the driver without the consent of the defendant under exclusion "a" of the policy absolved the company from liability.

The trial court in granting the motion for summary judgment determined that exclusion "a" was not waived and that by proceeding to judgment the plaintiff was excluded from coverage under the uninsured motorist provision. The appeal tests the correctness of the court's determination.

The conduct of an insurance company may amount to waiver of compulsory arbitration provisions and thus give the insured the right to sue. *Shapiro* v. *Patrons' Mutual Fire Insurance Co. of Michigan* (1922), 219 Mich 581.

In *Garvy* v. *Blatchford Calf Meal Co.* (CA 7, 1941), 119 F2d 973 the seventh circuit court of appeals said at page 975:

"Whether facts on which a claim of waiver is based have been proved, is a question for the trier of the facts, but whether those facts, if proved, amount to a waiver is a question of law."

The Michigan Supreme Court said in *Fothergill* v. *McKay Press* (1960), 361 Mich 666, at page 676: "Waiver, of course, is a matter of intent and will be so determined by the trier of facts."

See, also, *Superior Steel Spring Co.* v. *New Era Spring & Specialty Co.* (1921), 215 Mich 594, and *Strom Johnson Construction Co.* v. *Riverview Furniture Store* (1924), 227 Mich 55.

It cannot be said that if proved the facts upon which the plaintiff here claims waiver would not amount to waiver as a matter of law. The trial court's ruling has this effect and for this reason must be set aside.

This case is remanded for trial. The appellant may have his costs.

McGREGOR, P. J., and FITZGERALD, J., concurred.