SUN OIL COMPANY v. ROSBOROUGH.

1. JUDGMENT—SUMMARY JUDGMENT—DEFENSES—ISSUE OF MATERIAL FACT.

Summary judgment is specifically applicable, where a valid defense is not stated, or where no material issue of fact has been raised (GCR 1963, 117.2[2], 117.2[3]).

2. SAME—SUMMARY JUDGMENT—MATERIAL QUESTIONS OF FACT.

Summary judgment will not be upheld, where material issues of fact are raised in the pleadings (GCR 1963, 117.2[2], 117.2[3]).

3. SAME—SUMMARY JUDGMENT—QUESTIONS OF FACT.

Summary judgment procedure cannot impinge upon a party's right to trial of disputed factual issues by a jury or usual court procedure (GCR 1963, 117).

4. SAME—PLEADINGS—MATERIAL QUESTIONS OF FACT.

Pleadings of defendant in answer to complaint and to motion for summary judgment, and defendant's counterclaim in assumpsit action by plaintiff oil company to wind up affairs of gasoline station, *held*, not so inadequate as to allow summary judgment, as a material question of fact was presented by the amended pleadings submitted by defendant (GCR 1963, 117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 41 Am Jur, Pleading §§ 340-343.

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 2 October 6, 1966, at Lansing. (Docket No. 1,979.)  Decided February 28, 1967.

Complaint by Sun Oil Company, a New Jersey corporation, against Carl Rosborough in assumpsit for money due on winding up a gasoline station business.  Defendant made a counterclaim.  Summary judgment for plaintiff.  Defendant appeals.  Reversed and remanded for further proceedings.

*Allen H. Blondy,* for plaintiff.

*Howard C. Fisher,* for defendant.

McGregor, J.  This is an appeal from a summary judgment granted to appellee by the trial court after the appellant refused a directive of the trial judge to make a more specific statement of defense.

The appellant rented and operated a gasoline station for an indefinite time before December 15, 1964, which station was owned by the appellee. The parties also had a contract whereby the appellant marketed products of the appellee Sun Oil Company.  During the arrangement between the parties, the appellant had made a cash deposit with the appellee, apparently to cover any discrepancies in the payment for the rent and supplies to the appellee.

The parties severed their business relationship in late 1964, or early 1965, it being unclear from the record which is the correct date.  According to the books of the appellee, appellant still owed $1,013.19 on account to the appellee.  The disputed amount is based in a large extent on a check given by the appellant to the appellee for $1,304.65 which was returned unpaid for the reason of not sufficient

funds. The appellant answered the suit by claiming the money was not owed, and indeed, that because of certain miscalculations of the appellee as to equipment rental, credits for returned merchandise, et cetera, the appellee owed the appellant some $526.62 as a refund from the cash deposit.

The trial court ordered the appellant to submit a more specific claim of defense in the pleadings or face summary judgment. Appellant responded with a law brief, stating his position that summary judgment could not lie where the pleadings raised material issues of fact. The brief argued that the pleadings must be viewed in the light most favorable to the party against whom summary judgment is moved, and by so doing, summary judgment would not lie against the appellant. The trial court granted summary judgment against appellant in favor of the appellee.

Appellant relies strongly on *Beardsley v. R. J. Manning Company* (1966), 2 Mich App 172, for the legal theory that inferences must be drawn in the light most favorable to the party against whom summary judgment is sought. See discussion under GCR 1963, 117; 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 360. Summary judgment is specifically applicable where a valid defense is not stated. GCR 1963, 117.2(2), or where there is no genuine issue of material fact, GCR 1963, 117.2(3). In a nonnegligence case, however, summary judgment will not be upheld where material issues of fact are raised on the pleadings. *Kaminski v. Standard Industrial Finance Company* (1949), 325 Mich 364.

Summary judgment was allowed in this case upon affidavit of appellee's credit manager concerning an account, the principal item of which was the unpaid check of $1,304.65, plus charges for gasoline and other products, and for rental of service station

and equipment, on which account there was $1,042.73 owing to appellee, and the failure of the appellant to make a more specific statement. A perusal of the record shows that the bill of particulars submitted by the appellee listed several amounts purportedly owed by the appellant to the appellee, which amounts are designated only by number. Whether these numbers were receipt numbers, order numbers, or some other designation is impossible to learn from the record. It appears that the appellant was required to make a more specific statement, while the appellee's rather vague pleadings were allowed to stand as presented. Appellant's amended answer to appellee's complaint denied the debt, alleged that appellee was indebted to him in the sum of $526.62, that appellee had miscomputed the value of merchandise returned by $473.61, that appellant was entitled to credit of $116.03 on gasoline sales on credit cards, that appellee miscomputed the value of gasoline on hand at the final inventory and failed to credit him with $86.33 therefor; and likewise, alleged numerous other credits due appellant from appellee, among which was an excessive rental charge of $502.84.

Appellant did file a reply and an amended reply to appellee's motion for summary judgment, realleging allegations from appellant's answer. Appellant also filed a counterclaim of $526.62 based upon claimed credits as set forth in his amended answer. Appellant filed an affidavit, in opposition to appellee's motion for summary judgment, which was patterned after appellant's amended answer.

The pleadings of the appellant could have been more detailed; however, they were not so inadequate as to allow summary judgment under GCR 117.2(2). It is not the purpose of summary judgment to force the parties to try a case by affidavit.

A party has a right to a trial of disputed issues of fact. *Beardsley* v. *R. J. Manning Company, supra,* at 131, *Durant* v. *Stahlin* (1964), 374 Mich 82; 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 358.

A material question of fact was presented by the amended pleadings submitted by the appellant. Accordingly, the summary judgment issued by the trial court is vacated and the case is remanded to the lower court for further proceedings. Costs to the appellant.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.