BIELSKI *v.* WOLVERINE INSURANCE COMPANY.

1. PLEADING—SUMMARY JUDGMENT.
   Every well-pleaded allegation in plaintiff's complaint is assumed to be true for the purpose of a motion for summary judgment on the ground that the complaint fails to state a claim upon which relief can be granted (GCR 1963, 117).

2. INSURANCE—COMPULSORY ARBITRATION—WAIVER.
   Compulsory arbitration provisions in an insurance policy are inserted wholly for the protection of the insurer which may waive such provisions, and such waiver need not be expressed in terms, but may be implied by the acts, omissions, or conduct of the insurer or its agents authorized in such respect.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading §§ 335, 336, 338.
[2, 4–9] 29A Am Jur, Insurance §§ 1013, 1617.
[3] 29A Am Jur, Insurance § 1614.

3. SAME—COMPULSORY ARBITRATION—WAIVER—IMPLIED WAIVER.

Compulsory arbitration provisions in an insurance policy are waived by an insurer where the insurer causes delay of an arbitration award, which is unreasonable, unwarranted, and oppressive to the insured.

4. SAME—COMPULSORY ARBITRATION—WAIVER—QUESTION FOR TRIER OF FACTS.

Alleged waiver by defendant insurer of its right to compulsory arbitration under uninsured motorist clause of automobile policy *held*, a question for trier of facts, where under the allegations in plaintiff's complaint, it cannot be said, as a matter of law, that no waiver occurred.

5. CONTRACTS—WAIVER—INTENT—QUESTION FOR TRIER OF FACTS.

The existence of an intent to waive the provisions of a contract, with knowledge of the circumstances, is a question for the trier of facts where, under the pleadings, it cannot be said, as a matter of law, that no such intent existed.

6. INSURANCE—COMPULSORY ARBITRATION—WAIVER.

Claim by defendant insurer that it could not be said to have waived its right to compulsory arbitration under uninsured motorist clause of automobile policy, because under the insurance policy plaintiff had a right to go to arbitration without the permission or hindrance of defendant *held*, without merit, since regardless of what plaintiff did or failed to do, defendant could, by its conduct, waive its right to arbitration.

7. SAME—COMPULSORY ARBITRATION—WAIVER.

An insurer whose conduct has already worked a waiver of its right to compulsory arbitration under uninsured motorist clause of automobile policy cannot by subsequent demand revive such right since, having once waived the right to demand arbitration of the loss under the terms of the policy, it cannot require that the matter in dispute be submitted to arbitrators.

8. SAME—COMPULSORY ARBITRATION—WAIVER—CONSENT TO SUIT.

Claim by defendant insurer that, even if defendant had waived its right to compulsory arbitration, the plaintiff, who had obtained a judgment against a third party without the written consent of defendant, was still not entitled to judgment against defendant because the insurance policy in question excluded any liability when the insured, without written consent of the company, made any settlement with or prosecuted to judgment any action against any person legally liable to plaintiff under uninsured motorist clause of automobile policy

held, without merit, since the purpose of the exclusion clause is to lend greater force to the arbitration requirements, and is inapplicable when the arbitration requirements had been waived.

9. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS—INSURANCE—COM-PULSORY ARBITRATION—WAIVER—CONSENT TO SUIT.

Summary judgment for defendant insurance company in action on uninsured motorist provision of insurance contract is reversed and remanded for trial, where plaintiff's complaint contained allegations which, if proved, would justify the trier of facts in finding that defendant waived its right to compulsory arbitration and an exclusion from liability for a judgment obtained without its written consent, and such findings, if so made, would entitle plaintiff to judgment.

Appeal from Court of Appeals, Division 3; McGregor, P. J., and Fitzgerald and T. G. Kavanagh, JJ., reversing Saginaw, Huff (Eugene Snow), J. Submitted November 10, 1966. (Calendar No. 12, Docket No. 51,446.) Decided June 6, 1967.

2 Mich App 501, affirmed.

Complaint by Donald C. Bielski against Wolverine Insurance Company, a Michigan corporation, for benefits under an uninsured motorist provision of an automobile insurance policy. Summary judgment for defendant. Plaintiff appealed. Judgment reversed by Court of Appeals and remanded for trial. Defendant appeals. Affirmed.

*van Benschoten & van Benschoten* (*Duane S. van Benschoten,* of counsel), for plaintiff.

*Stanton & Davidson* (*John Davidson,* of counsel), for defendant.

DETHMERS, C. J. This is defendant's appeal, on leave granted, from Court of Appeals reversal* of

---

* 2 Mich App 501, 377 Mich 711.

a summary judgment entered on the pleadings in circuit court in defendant's favor in plaintiff's suit on the uninsured motorist provisions of an automobile insurance policy issued by defendant to plaintiff.

Defendant's motion for summary judgment was filed December 19, 1963. It was governed by GCR 1963, 117, which permits such motion to be based, as it was here, on the ground that plaintiff's complaint failed to state a claim upon which relief can be granted. For the purpose of that motion, both at the trial and appellate levels, every well-pleaded allegation in the complaint is assumed to be true. *Hiers* v. *Detroit Superintendent of Schools,* 376 Mich 225. So considered, we find the following to be facts pleaded by plaintiff:

Plaintiff was injured on June 24, 1960, in an automobile collision between his automobile and an uninsured automobile which was then and there being operated negligently by the owner.

The policy issued by defendant to plaintiff contained, *inter alia,* a promise to pay in these terms:

"1. *Damages for Bodily Injury Caused by Uninsured Automobiles.*

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, \* \* \* sustained by the insured, \* \* \* and arising out of the \* \* \* use of such uninsured automobile, provided, for the purposes of this indorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

It was also provided that:

"6. *Arbitration.* If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile, * * * then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. * * * Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this indorsement. Such an award shall be a condition precedent to any action against the company."

and

## "EXCLUSIONS.

"This indorsement does not apply: (a) to bodily injury to an insured, * * * with respect to which such insured, * * * shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person * * * who may be legally liable therefor."

In plaintiff's complaint it is further alleged that on June 24, 1960, date of the accident, plaintiff went to defendant and demanded payment of the amount to which he would be entitled under the policy; that defendant refused to pay; that plaintiff then, on that day, demanded that defendant arbitrate pursuant to the arbitration provisions of the policy and defendant refused, contending that there was no liability to plaintiff on the part of the uninsured motorist and, hence, none on defendant's part; that thereafter plaintiff did on numerous occasions demand that the matter be submitted to arbitration and defendant continually refused to enter into arbitration or to take any steps for arbitration or to cooperate with plaintiff so that arbitration could be had; that in February of 1961

plaintiff retained counsel and commenced suit
against the uninsured motorist and immediately
notified defendant thereof; that defendant advised
plaintiff that it would take no part in said lawsuit;
that plaintiff's attorney thereafter, on July 10, 1961,
wrote a letter to defendant offering to arbitrate
pursuant to terms of the policy; that defendant
refused to take steps to arbitrate as requested or
demanded by plaintiff; that on July 28, 1961, plain-
tiff's attorney again wrote defendant demanding
that it do something about arbitrating plaintiff's
cause and that it forthwith arbitrate the matter,
but defendant did not do so; that on September 11,
1961, plaintiff's attorney wrote defendant stating
that he had often written defendant seeking arbi-
tration but that defendant had done nothing about
it, so that plaintiff's attorney could only conclude
defendant was refusing to arbitrate and that, there-
fore, he would now proceed with the pending law-
suit against the uninsured motorist, and he sent
a copy of the summons and requested defendant
to enter an appearance for the uninsured motorist
and the letter stated in conclusion that plaintiff
would not now arbitrate because defendant had,
for so long, in effect, refused to arbitrate; that
defendant thereafter refused to defend the unin-
sured motorist or to enter an appearance for him
in the lawsuit; that on October 2, 1961, defendant
demanded arbitration; that on October 8, 1962,
plaintiff took a default judgment in the case against
the uninsured motorist for $10,000; that on Novem-
ber 9, 1962, plaintiff served on defendant a copy
of said judgment and demanded payment thereof
by it; that on April 22, 1963, plaintiff commenced
the instant action against defendant to enforce such
payment.

These allegations of facts touching on refusal of
defendant to arbitrate are disputed by defendant.

Defendant's defense is that plaintiff breached the arbitration requirements of the policy which provided that arbitration should be a condition precedent to any action by plaintiff against defendant on the provision here in question, and that under the exclusion (a) clause of the policy plaintiff had absolved defendant from liability by prosecuting the suit against the uninsured motorist to judgment without defendant's written consent. In response, plaintiff contends, as pleaded in his complaint, that defendant waived the compulsory arbitration provision of the policy by failure to act on it within a reasonable time and, further, that by its failure to act on plaintiff's demands for arbitration defendant became estopped from asserting the defense of the arbitration provisions of the policy and its exclusion (a) clause.

Defendant may waive the compulsory arbitration provision of its insurance policy by its conduct.

"A clause in an insurance policy providing for arbitration or appraisal of the loss or damage as a condition precedent to a suit by the policyholder to recover insurance is inserted wholly for the protection of the insurer and may be waived by it. Such waivers need not be expressed in terms, but may be implied by the acts, omissions, or conduct of the insurer or its agents authorized in such respect." 29A Am Jur, Insurance, § 1617, p 703.

In *Shapiro v. Patrons' Mutual Fire Insurance Company of Michigan,* 219 Mich 581, the insurance policy there involved also contained an arbitration provision. This Court held the insured entitled to bring an action against the insurer without compliance with the arbitration requirement because the insurer had caused delay of an arbitration award for more than 6 months, which delay this Court termed unreasonable, unwarranted and oppressive to the insured. This Court said (p 588):

"Under the circumstances the plaintiff was warranted in abandoning the arbitration proceedings and bringing this action."

Whether defendant refused arbitration or unreasonably delayed it presents a question of fact on this record. If the jury should find the facts in that respect to be as alleged in plaintiff's complaint, it cannot then be said that, as a matter of law, that did not constitute a waiver by defendant of the arbitration requirements and the exclusion (a) clause of the policy. Defendant says there can be no effectual waiver of a stipulation in an agreement unless made intentionally, with knowledge of the circumstances, citing 12 Am Jur, Contracts, § 354. Defendant says this did not occur here. On the pleadings, this, too, presents a question of fact for the jury. Defendant urges that there cannot be said to have been a waiver of arbitration by it because plaintiff had the right to go to arbitration without the let or hindrance of defendant. This is no answer to the fact that defendant could, by its conduct, waive its rights to arbitration regardless of what plaintiff did or failed to do.

Defendant demanded arbitration after plaintiff's attorney informed it that plaintiff was no longer willing to arbitrate and was going to go ahead with his suit against the uninsured motorist. If defendant's conduct had already worked a waiver of its rights to arbitration, its subsequent demand could not revive them.

"The insurer, once having waived the right to demand arbitration of the loss under the terms of the policy, cannot require that the matter in dispute be submitted to arbitrators." 29A Am Jur, Insurance, § 1617, p 704.

While the shoe was on the other foot in *Schwier* v. *Atlas Insurance Co.,* 227 Mich 104, where plaintiff-

assured refused to arbitrate and commenced suit to which the insurer pleaded said refusal as a defense and plaintiff subsequently offered to arbitrate, we think that the holding in that case that defendant's refusal of that offer did not operate as a waiver by defendant of its pleaded defense, means, as applied here, that defendant's waiver, if any, by refusal to arbitrate before plaintiff pressed its suit, would be final and not altered by its subsequent demand for arbitration.

If it be urged that waiver by defendant of the arbitration requirements would avail plaintiff nothing with respect to the policy's exclusion (a) clause, we would say that the two are corollary, the exclusion clause serving to lend greater force to the arbitration requirements, and that with the latter waived, if it was, the purpose of the former disappears and it no longer stands as a bar to plaintiff's action against defendant.

We think the plaintiff's complaint contains allegations giving rise to an issue of facts as to whether defendant did waive its rights to arbitration and to preventing suit against the uninsured until defendant should give plaintiff written consent therefor. Accordingly, the holding of the Court of Appeals, setting aside the summary judgment, should be affirmed and the case remanded to circuit court for trial on the issues of waivers as pleaded. Costs to plaintiff.

KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with DETHMERS, C. J.

T. M. KAVANAGH, J., did not sit.

BLACK, J., concurred in the result.

BRENNAN, J., took no part in the decision of this case.