### OINAS *v.* AETNA CASUALTY & SURETY COMPANY.

1. JUDGMENT — SUMMARY JUDGMENT — INSURANCE — UNINSURED
MOTORISTS COVERAGE — EXCLUSIONS — APPLICABILITY — QUESTION
OF FACT.

> Summary judgment of dismissal of plaintiff's claim against
> defendant insurance company under uninsured motorists provi-
> sion of automobile insurance policy on grounds of the ap-
> plicability of exclusionary provisions in contract *held,* improper
> where motion to dismiss alleged no facts to support it and
> plaintiff's complaint alleged that defendant insurer had
> breached insurance contract, thus giving rise to factual ques-
> tion of waiver of exclusionary provisions (GCR 1963, 117).

2. SAME—SUMMARY JUDGMENT—RELEASE.

> Summary judgment of dismissal of plaintiff's claim on grounds
> of release *held,* improper where release was given to someone
> other than defendant, and the lower court record, containing
> only release itself, is unclear as to whether there existed a
> relationship between that third party and defendants which
> would render a release of him a release of the defendants
> as well (GCR 1963, 117).

Appeal from Houghton, Condon (Stephen D.), J.
Submitted Division 3 October 1, 1968, at Marquette.
(Docket No. 3,309.)   Decided October 22, 1968.

Complaint by Lawrence J. Oinas against Aetna
Casualty and Surety Company, a foreign corpora-
tion, and Norman McLean for personal injuries
sustained in an automobile collision.   Summary

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading § 340 *et seq.*

judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Humphrey & Weis,* for defendants.

McGREGOR, J.   Plaintiff's complaint alleges that he was "a paying passenger" in an automobile owned by defendant McLean (Count IV), or a joint venturer with the driver, Mr. McLean's son (Count V), when injured in a collision with a car owned by Reino Maki. Counts IV and V seek $50,000 damages for personal injuries allegedly caused by the negligence of the driver of the McLean car. In Counts I, II, and III plaintiff seeks $10,000 from the insurer of the McLean car under uninsured motorist provisions, claiming Mr. Maki was uninsured and also at fault.

Defendants filed a motion to dismiss because "the complaint does not state a cause of action" and because "plaintiff has released his claims and cause of action against these defendants". Other reasons were abandoned. This motion was granted by the circuit judge, although no facts were alleged to support it, in any affidavit or otherwise, except two exhibits, namely, the policy of insurance and a general and broadly worded release given by plaintiff for $1625 to a "William Gregorich d/b/a Gregorich Bar."

While it appears that the conclusions of the circuit judge are probably correct, we are unable to sustain his order on the record before us. The complaint alleges full compliance with the insurance contract and that it was breached by defendants, therefore conduct similar to the facts of *Bielski* v. *Wolverine Insurance Company* (1967), 379 Mich 280, may have

occurred. The record says nothing about the release, except its own language. We suspect that Mr. Gregorich settled because of potential dram shop act liability, but on this record, he might have been a joint tortfeasor instead. See CLS 1961, § 600.2925 (Stat Ann 1962 Rev § 27A.2925).

The "order granting motion to dismiss" is set aside and the cause is remanded for further proceedings or trial.

T. G. KAVANAGH, P. J., and PHILIP C. ELLIOTT, J., concurred.