MOTOR STATE INSURANCE COMPANY v. LEONARD

1. Insurance—Waiver—Intent—Question of Fact.

   Waiver of a provision of an insurance policy is a matter of intention and is primarily a question of fact.

2. Judgment—Summary Judgment—Issue of Fact—Pleadings.

   A summary judgment is improper when the pleadings and opposing affidavits reveal a genuine issue of material fact (GCR 1963, 117.2[3]; GCR 1963, 117.3).

3. Judgment—Summary Judgment—Issue of Fact.

   Summary judgment for plaintiff insurance company declaring that a policy was void as to a hit-and-run accident was improper where there were issues of fact whether defendants had given plaintiff timely notice of the accident as required by the insurance policy and whether plaintiff-insurance company, by submitting the claim to arbitration and by offering a sum in settlement of the claim after it had denied liability, had waived the alleged failure to give timely notice.   (GCR 1963, 117).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 April 9, 1970, at Detroit. (Docket No. 6,886.)   Decided October 2, 1970.

Complaint by Motor State Insurance Company against Robert Leonard and Lucille Leonard for a declaratory judgment that an automobile insurance policy is void as to a "hit-and-run" accident.   Sum-

---

References for Points in Headnotes

[1]  43 Am Jur 2d, Insurance § 1053 et seq.
[2, 3]  41 Am Jur, Pleading §§ 340–343.

mary judgment for plaintiff.   Defendants appeal.
Reversed and remanded.

*Rouse, Selby, Dickinson, Shaw & Pike (Millard
Becker, Jr.,* of counsel), for plaintiff.

*Peter R. Barbara,* for defendants.

Before:   J. H. Gillis, P. J., and V. J. Brennan
and Weipert,* JJ.

Per Curiam.   This is an action by Motor State
Insurance Company for a declaratory judgment de-
creeing an automobile insurance policy held by
defendant Robert Leonard null and void as to a
"hit-and-run" accident which occurred on January
13, 1967.   By the express terms of the policy, cover-
age for such accidents was conditioned upon the
insured's filing with the insurer a sworn statement
within 30 days from the date of the accident.   The
trial court entered a summary judgment in the
plaintiff's favor and defendants appeal.

Under GCR 1963, 117.2(3), a party may move
for a summary judgment where there is no genuine
issue as to any material fact.   GCR 1963, 117.3 pro-
vides that a motion for a summary judgment based
upon GCR 1963, 117.2(3) is to be supported by
affidavits and that such affidavits, together with the
pleadings, depositions, admissions and other docu-
mentary evidence, are to be considered by the trial
court in ruling on the motion.   The record below
reveals a material issue of fact as to whether de-
fendants had given plaintiff timely notification of
the accident by a series of telephone calls purported-
ly placed by defendants in January, 1967, to one of
plaintiff's branch offices.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Furthermore, defendants raised by affirmative defense another significant factual dispute as to whether plaintiff waived the notice requirement by its entering into extensive negotiations (including submission of the claim to arbitration and the offering of a sum in settlement of the claim) with defendants after plaintiff had denied liability on grounds of defendants' failure to comply with the notice provision.   Plaintiff denied that it had intended a waiver by these negotiations but had made a settlement offer and had taken initial steps to arbitration solely to avoid litigation.

Waiver is a matter of intention and is primarily a question of fact.  *Bielski* v. *Wolverine Insurance Company* (1966), 2 Mich App 501, *aff'd.* (1967), 379 Mich 280; *Strom-Johnson Construction Co.* v. *Riverview Furniture Store* (1924), 227 Mich 55.

A summary judgment is improper when the pleadings and opposing affidavits reveal a genuine issue of material fact.  *Tripp* v. *Dziwanoski* (1965), 375 Mich 619; *Sun Oil Company* v. *Rosborough* (1967), 6 Mich App 176.   The summary judgment issued by the trial court is vacated and the case remanded for trial.

Reversed and remanded.