## HAMILTON v CITY OF CHARLEVOIX

1. JUDGMENT—SUMMARY JUDGMENT—PROPERTY—PUBLIC DEDICATION.

A motion for summary judgment was improperly granted where material questions of fact existed as to whether a dedication of property had been accepted and, if so, whether the city had abandoned the property (GCR 1963, 117.2[3]).

2. DISCOVERY—ABUSE BY PARTIES—DELAY.

Use of discovery procedures for harassment and delay is improper and it is the responsibility of the trial judge to prevent such abuse (GCR 1963, 313).

3. DISMISSAL AND NONSUIT—APPEAL AND ERROR—DISMISSAL ON APPEAL.

Whether an action should be dismissed is properly left for the trial court's determination where, in a case between a landowner and a city both claiming title to land, the landowner sold the property after summary judgment had been granted, the landowner appealed, the city filed a motion to dismiss the appeal accompanied by affidavits of the purchasers of the land that they wished the action terminated, and the summary judgment was improperly granted because material issues of fact remained unresolved.

Appeal from Charlevoix, James M. Fitzpatrick, J. Submitted Division 3 March 9, 1972, at Grand Rapids. (Docket No. 11843.) Decided May 1, 1972.

Complaint by Robert Hamilton against the City of Charlevoix to quiet title to land. Summary judgment for the City of Charlevoix. Plaintiff appeals. Reversed and remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments § 970.
[2] 53 Am Jur, Trial § 34 *et seq.*
[3] 4 Am Jur 2d, Appeal and Error § 105 *et seq.*

*Oliver, Dinan & Schenden* (by *Patrick H. Oliver),* for plaintiff on appeal.

*Robert L. Hoffman,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and DANHOF, JJ.

PER CURIAM. Plaintiff brought this action seeking to quiet title to a parcel of land located in the plat of Newman's Addition to the City of Charlevoix. The city answered contending that the property had been dedicated to a public use and was a part of a public street. The city moved for summary judgment and the trial court granted the motion. Examination of the record reveals that material issues of fact exist on the questions of whether the dedication was accepted and if so, whether the city abandoned the property. Thus, a summary judgment should not have been granted. *Weeren v Evening News Association,* 379 Mich 475 (1967), *Sun Oil Company v Rosborough,* 6 Mich App 176 (1967).

The record in this case reveals that both parties have indulged in tactics designed for the purposes of harassment and delay. The most glaring examples of this are found in their treatment of discovery procedures. The plaintiff submitted interrogatories designed to elicit the facts on which the city based its claim. The city answered as follows: "Written report of city attorney, contents of which are privileged". The plaintiff's motion to compel answers to interrogatories was still pending at the time the motion for summary judgment was granted. The city sought to take the plaintiff's deposition and the plaintiff failed to appear. On remand if the parties do not comply with the

discovery rules the trial court should exercise its powers under GCR 1963, 313.

It appears that after the judgment was entered the plaintiff sold the property under a land contract. The city has filed a motion to dismiss the appeal accompanied by affidavits of the land contract vendees stating that they wish the action terminated. In the view we take of the case, we consider it preferable that the trial court pass on this issue. Thus, the city may make a similar motion on remand. Also, upon a proper motion the vendees may be joined as parties.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs, a public question being involved.