HARVEY v AETNA LIFE INSURANCE COMPANY

1. JUDGMENT—MOTIONS—SUMMARY JUDGMENT—LEGAL SUFFICIENCY—
PLEADING—RIGHT TO RECOVERY—COURT RULES.

A motion for summary judgment tests the legal sufficiency of the
claim as determined from the pleadings alone; the motion is
tested by assuming that every well-pled allegation in the com-
plaint is true with the plaintiff's claim being upheld unless, on
the pleadings, it is so clearly unenforceable as a matter of law
that no factual development can possibly justify a right to
recovery (GCR 1963, 117.2[1]).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—DUE PROCESS—STATE
ACTION—PRIVATE CONDUCT.

The proscriptions of the equal protection and due process clauses
of the Federal constitution apply only to actions of the state,
not to private conduct.

3. JUDGMENT—SUMMARY JUDGMENT—REVIEW—COMPLAINTS.

Matters not alleged in the complaint will not be considered on a
plaintiff's appeal from a grant of summary judgment to the
defendant where the defendant had brought his motion for
summary judgment on the ground that the plaintiff had failed
to state a claim upon which relief could be granted (GCR 1963,
117.2[1]).

Appeal from Wayne, James Montante, J. Sub-
mitted October 5, 1976, at Detroit. (Docket No.
25593.) Decided November 10, 1976.

Complaint by Mary L. Harvey against Aetna
Life Insurance Company seeking a declaratory
judgment that a provision of an insurance policy is
unconstitutional. Summary judgment for defend-
ant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 73 Am Jur 2d, Summary Judgment §§ 17, 22, 23.
[2] 16 Am Jur 2d, Constitutional Law §§ 488, 540–542, 544.

*Clifford R. Williams,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon,* for defendant.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

PER CURIAM. This is an appeal of a summary judgment granted to the appellee in a declaratory judgment action seeking a determination that a certain provision of an insurance policy issued by the appellee was unconstitutional.

The appellant is the widow of Ollie Lee Harvey. At the time of Mr. Harvey's death the couple had been married approximately six months.

Mr. Harvey had been employed by the Chrysler Corporation. He was insured under a group life insurance policy issued by the appellee to Chrysler Corporation. The terms and conditions of the group policy were determined by collective bargaining negotiations between the U.A.W. and Chrysler Corporation.

After Mr. Harvey's death the appellant filed a claim for $11,500 in life insurance benefits and for certain survivor income benefits under the policy. The appellee paid the life insurance benefits, but refused to pay the survivor income benefits because the insurance policy required the survivor be "legally married to the deceased employee for at least one year immediately prior to the employee's death * * * ".

The appellant brought an action for declaratory judgment, GCR 1963, 521, seeking a determination that the provision of the insurance policy was unconstitutional as violative of due process and equal protection of the law. Appellee moved for summary judgment grounded on GCR 1963, 117.2(1), arguing that the appellant failed to allege

state action. The trial judge granted the appellee's motion, and appellant seeks review.

A motion for summary judgment brought under GCR 1963, 117.2(1), merely tests the legal sufficiency of the claim as determined from the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den,* 391 Mich 816 (1974), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes to GCR 1963, 117, pp 353, 355. For the purposes of that motion, both at the trial and appellate levels, every well pled allegation in the complaint is assumed to be true. *Bielski v Wolverine Insurance Co,* 379 Mich 280, 283; 150 NW2d 788 (1967). The test is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

The proscriptions of the Equal Protection Clause and the Due Process Clause only apply to actions of the state and not to private conduct. *Shelley v Kraemer,* 334 US 1; 68 S Ct 836; 92 L Ed 1161 (1948). Accepting as true the facts alleged, we perceive this to be no more than a contract action between private parties. The appellant's complaint alleges no state action. Appellant made no attempt to amend her complaint pursuant to GCR 1963, 118. Consequently, summary judgment was properly granted.

The appellant's brief raises a number of issues regarding false pretenses, public policy, illusory contract, impairment of contractual obligations, and public interest. These matters were not alleged in the complaint and will not be considered on appeal. See *Hill v National Bank of Detroit,* 58

Mich App 430, 438; 228 NW2d 407 (1975), *lv den* 394 Mich 769 (1975).

Affirmed. Costs to appellee.