CITY OF DEARBORN v FREEMAN-DARLING, INC

Docket No. 59791. Submitted June 16, 1982, at Detroit.—Decided September 9, 1982.

The City of Dearborn and Freeman-Darling, Inc., entered into a contract for additions and renovations to the Dearborn City Hall. The contract provided that all claims were to be referred to the architect for decision and that a party aggrieved by the architect's decision could demand arbitration. Freeman-Darling claimed delay damages, which the architect denied. Freeman-Darling then filed a demand for arbitration. The City of Dearborn filed an action in Wayne Circuit Court to stay arbitration and to compel discovery. An *ex parte* temporary order staying the arbitration was granted, Patrick J. Duggan, J. The stay of arbitration was dissolved after defendant, Freeman-Darling, Inc., filed a more definite statement of the facts substantiating its claims. Plaintiff filed motions to reinstate the order staying arbitration and to compel discovery. Following a hearing, plaintiff's motions were denied. Plaintiff appeals. *Held:*

1. The trial court did not err in denying plaintiff's request to dismiss the demand for arbitration.

2. The trial court did not err in denying plaintiff's motion to compel discovery in aid of arbitration. A litigant in arbitration proceedings has no rights to discovery. Furthermore, had plaintiff followed the arbitration procedure it agreed to follow, the information it sought would have been available.

3. The trial court did not err in ruling that the question of whether the demand for arbitration was sought within a reasonable time was for the arbitrator to decide.

Affirmed.

1. CONSTITUTIONAL LAW — DUE PROCESS — STATE ACTION.
The proscriptions of the Michigan Due Process Clause apply only

REFERENCES FOR POINTS IN HEADNOTES
[1] 16A Am Jur 2d, Constitutional Law § 824.
    Supreme Court's view as to applicability to conduct of private persons or entity, of equal protection and due process clauses of the Fourteenth Amendment. 42 L Ed 2d 922.
[2] 5 Am Jur 2d, Arbitration and Award § 91.

to actions of the state and not to private conduct; contract actions between private parties will not invoke the Due Process Clause, nor will the state's mere acquiescence in a private action convert that action into that of the state (Const 1963, art 1, § 17).

2. ARBITRATION — DISCOVERY.
   A litigant in arbitration proceedings has no right to discovery.

*William C. Hultgren* and *William C. Mulcahy,* for plaintiff.

*Federlein & Grylls, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the trial court denying plaintiff's request for a stay of arbitration and plaintiff's motion to compel discovery in aid of arbitration.

On April 12, 1979, defendant, Freeman-Darling, Inc., and plaintiff, the City of Dearborn, entered into a contract for additions and renovations to the Dearborn City Hall. The contract provided that all claims were to be referred to the architect for decision. A party aggrieved by such a decision could demand arbitration.

In October, 1979, defendant claimed, and the architect denied, delay damages. Defendant alleges that the parties mutually agreed that the dispute would not be submitted to arbitration until substantial completion of the project. Plaintiff has not responded to defendant's allegation.

The project was substantially completed in December, 1980. On January 19, 1981, defendant filed its demand for arbitration.

Thereafter, plaintiff filed an action in circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court to stay arbitration and to compel discovery. An *ex parte* temporary order staying the arbitration was granted. Several months later, the stay of arbitration was dissolved after the defendant filed a more definite statement of the facts substantiating its claims. A hearing on plaintiff's motions to reinstate the order staying arbitration and to compel discovery was then held. The court denied the motions.

Plaintiff first claims that the trial court erred in denying its request to dismiss the demand for arbitration. Plaintiff argues that the defendant's demand for arbitration failed to adequately advise it of the nature of the claim and, therefore, violated the Due Process Clause of the Michigan Constitution, Const 1963, art 1, § 17. Plaintiff contends that the Due Process Clause "should" apply to statutory arbitration proceedings in Michigan.

Plaintiff is playing with words. The notice requirements of GCR 1963, 111.1(1), as well as the procedural rules applicable to arbitration, were fully complied with here.

The contract between the parties provided that all claims between the contractor and owner relating to the contract "shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining". See § 7.9.1. Section 7 of the Construction Industry Arbitration Rules provides as follows:

"7. INITIATION UNDER AN ARBITRATION PROVISION IN A CONTRACT

"Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

"The initiating party shall, within the time specified by the contract, if any, file with the other party a notice of an intention to arbitrate (Demand), *which notice*

*shall contain a statement setting forth the nature of the dispute, the amount involved, and the remedy sought;* and shall file two copies of said notice with any Regional Office of the AAA, together with two copies of the arbitration provisions of the contract and the appropriate filing fee as provided in Section 48 hereunder." (Emphasis added.)

An examination of the demand for arbitration and defendant's more definite statement discloses that they were sufficient. Together they reasonably informed the plaintiff of the nature of the claim it was called upon to defend. Therefore, plaintiff's due process rights have not been violated.

Moreover, it is doubtful whether the proscriptions of the Due Process Clause are applicable to the case at bar. The proscriptions of the Due Process Clause apply only to actions of the state and not to private conduct. *Shelley v Kraemer,* 334 US 1; 68 S Ct 836; 92 L Ed 1161 (1948). Contract actions between private parties will not invoke the Due Process Clause. *Harvey v Aetna Life Ins Co,* 72 Mich App 285; 252 NW2d 471 (1976). Nor will the state's mere acquiescence in a private action convert that action into that of the state. *Flagg Brothers, Inc v Brooks,* 436 US 149; 98 S Ct 1729; 56 L Ed 2d 185 (1978); *Cole v Dow Chemical Co,* 112 Mich App 198; 315 NW2d 565 (1982).

Next, plaintiff claims that the trial court erred in denying its motion to compel discovery in aid of arbitration.

At the hearing held on August 21, 1981, plaintiff moved to compel discovery. The trial court denied the request for discovery, ruling that any discovery must be had in accordance with the arbitration rules "that the parties agreed to when they entered into the contract". At the time of the

August 21, 1981, hearing, arbitration had begun, but the arbitration panel had not yet been certified.

Several federal courts have allowed discovery in aid of arbitration upon a showing of special need. *Bigge Crane & Rigging Co v Docutel Corp,* 371 F Supp 240 (ED NY, 1973); *Ferro Union Corp v S S Ionic Coast,* 43 FRD 11 (SD Tex, 1967); *International Ass'n of Heat & Frost Insulators & Asbestos Workers, Local 66, AFL-CIO v Leona Lee Corp,* 434 F2d 192 (CA 5, 1970); *Penn Tanker Co of Delaware v C H Z Rolimpex Warszawa,* 199 F Supp 716 (SD NY, 1961). Others have allowed limited discovery as to the arbitrability of a particular dispute. *H K Porter Co, Inc, Connors Steel Division, West Virginia Works v Local 37, United Steel Workers of America, AFL-CIO,* 400 F2d 691 (CA 4, 1968); *International Union of Electrical, Radio & Machine Workers, AFL-CIO v Westinghouse Electric Corp,* 48 FRD 298 (SD NY, 1969).

However, in *Burton v Bush,* 614 F2d 389 (CA 4, 1980), the fourth circuit held that a litigant in arbitration proceedings has no right to discovery. The *Burton* Court reasoned:

"An arbitration hearing is not a court of law. *Walden v Local 71, International Brotherhood of Teamsters,* 468 F2d 196 (CA 4, 1972). When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial. *Great Scott Markets, Inc v Local Union No 337, International Brotherhood of Teamsters,* 363 F Supp 1351 (ED Mich, 1973); *Commercial Solvents Corp v Louisiana Liquid Fertilizer Co,* 20 FRD 359 (SD NY, 1957). One of these accoutrements is the right to pre-trial discovery. While an arbitration panel may subpoena documents or witnesses, *Commerical Metals Co v International Union Marine Corp,* 318 F Supp 1334 (SD NY, 1970); the

litigating parties have no comparable privilege. *Foremost Yarn Mills, Inc v Rose Mills, Inc*, 25 FRD 9 (ED Pa, 1960); 9 USC 7; FRCP 81(a)(3); 28 USC; 74 Harv L Rev 940, 943 (1961); 4 Moore's Federal Practice (2d ed, 1975), § 26.54." 614 F2d 389, 390.

We find no error on the part of the trial court. There are certain forms made available to both sides in arbitration which give the parties full access to all information and all documents necessary for the arbitrators to arrive at a decision. In the contract in the instant case, the plaintiffs agreed to follow the entire procedure set forth by the American Arbitration Association. The plaintiff has literally ignored this. Plaintiff comes to us in an action that strikes of a dilatory nature. We hope that we are wrong. However, if plaintiff had followed the procedure it had agreed to, the information it sought would have been available. The purpose of an arbitration clause is to provide early disposition of disputes arising from contracts of this nature without the long delays and impositions from and upon the courts. The plaintiff is attempting to circumvent and thwart this purpose. Moreover, we note that the arbitration proceedings have probably been concluded by now, rendering this issue moot.

Finally, plaintiff claims that the trial court erred in ruling that the question of whether the demand for arbitration was brought within a reasonable time was for the arbitrator. We find no error. *Brown v Holton Public Schools*, 397 Mich 71; 243 NW2d 255 (1976).

Affirmed. Costs to be paid by plaintiff.