WILLIAM J. GEVEKE v. THE GRAND RAPIDS & INDIANA RAILROAD COMPANY.

*Demurrer—Pleading—Statement of facts—Injury at railroad crossing— Damages.*

1. If a declaration does not state a cause of action, it should be demurred to, instead of waiting to object to the introduction of evidence under it.

2. Where the facts stated in a declaration for negligence clearly imply the defendant's duty, it need not be expressly averred.

3. Where a train which has been standing across a highway has backed down to the cattle-guard for the apparent purpose of letting people pass, it is not per se negligence, for one who has been waiting, to attempt to drive by in front of the engine if his horse is steady; but it is a question for the jury whether it was negligence in the railroad company not to have seen the person so trying to cross, and to have blown off steam while he was crossing.

4. A person driving a team across a railway track and in front of a locomotive standing may be a competent witness as to what frightened the team while crossing.

5. In fixing the measure of damages for a physical injury a jury may consider what the victim would have been able to earn if he had not been hurt, and should award the difference between that sum and what he has actually been able to earn, together with the expense of the resulting illness and actual damages for any pain, suffering, shock and fright incident to the injury.

Error to Kent. (Montgomery, J.) May 7.—Sept. 29.

CASE. Defendant brings error. Affirmed.

*T. J. O'Brien* and *J. H. Campbell* for appellant. Driving a horse so near a locomotive that the latter can blow steam on one is per se negligence: *Jeffersonville R. Co. v. Goldsmith* 47 Ind. 43; *Louisville & Nashville R. Co. v. Schmidt* 81 Ind. 264: S Am. & Eng. R. Cas. 248; for cases of injury to teams at railway crossings where the drivers were bound to know the place was dangerous, see *Ill. Cent. R. Co. v. Baches* 55 Ill. 379; *M. & W. R. Co. v. Winn* 19 Ga. 440; *C., B. & Q. R. Co. v. Dewey* 26 Ill. 255; *Deville v. S. P. R. R. Co.* 50 Cal. 383; *Zeigler v. Railroad* 5 S. C. 221; *Murphy v. W. & W. R. Co.* 70 N. C. 437.

*Henry B. Fallass*, for appellee, as to sufficiency of statements in a declaration for negligence, to make out a cause of action, cited Chit. Pl. 391; *Brucker v. Froment* 6 Term *660; *Joslin v. Grand Rapids Ice Co.* 50 Mich. 516; *Ware v. Gay* 11 Pick. 106; *Oldfield v. N. Y. & H. R. R. Co.* 14 N. Y. 314; 2 Redf. Railways § 259; *Smith v. Eastern Railroad* 35 N. H. 356; *Edgerton v. N. Y. & H. R. R. Co.* 35 Barb. 392; *Nolton v. Western Rd. Co.* 15 N. Y. 444; it is not necessary to set out the facts constituting the negligence complained of; an allegation specifying the act constituting the injury, and alleging that it was negligently and carelessly done, is sufficient: Thomp. on Neg. 1247; *St. Louis R. Co. v. Mathias* 50 Ind. 66; *Indianapolis &c. R. R. Co. v. Keely* 23 Ind. 133; *Ohio &c. R. Co. v. Selby* 47 Ind. 471; *Kessler v. Leeds* 51 Ind. 212; *Grinde v. Milwaukee & St. P. R. Co.* 42 Ia. 376; the dismay and consequent shock to the feelings which is produced by the danger attending a personal injury, not only aggravate it, but are frequently so appalling as to suspend the reason and disable a person from warding it off, and to say that it does not enter into the character and extent of the actual injury, and form a part of it, would be an affront to common sense: *Canning v. Williamston* 1 Cush. 451; *Fenelon v. Butts* 53 Wis. 344; *Cooper v. Mullins* 30 Ga. 152; *Oliver v. La Valle* 36 Wis. 598; *Masters v. Warren* 27 Conn. 294; *Fairchild v. Cal. Stage Co.* 13 Cal. 599; *Ransom v. N. Y. & E. R. R.* 15 N. Y. 415; 2 Sedg. Measure of Damages 648, note 2: Shearm. & Redf. on Negligence, § 606, and cases cited; Thomp. on Neg. 1258; 3 Suth. on Damages 712, and great array of cases; when bodily pain is caused, mental follows as a necessary consequence, especially when the former is so severe as to create apprehension and anxiety; 3 Suth. on Damages 712; the plaintiff may show specific direct effects of the injury without specially alleging them, as that he was thereby made subject to fits: *Tyson v. Booth* 100 Mass. 258; the obviously probable effects of the injury may be given in evidence, though not laid in the declaration: *Avery v. Ray* 1 Mass. 15; the jury may take into consideration the plaintiff's pain and anguish of mind, consequent upon such injury: *I. & St. L. R. R. Co. v. Stables* 62 Ill. 313, modifying *Ill. Cent. R. R. Co. v. Sutton* 53 Ill. 397; the mind is a part of the man as well as the body: *Cooper v. Mullins* 30 Ga. 152.

SHERWOOD, J. The plaintiff brought suit in the Kent circuit court to recover for injuries sustained July 13, 1883, by

the capsizing of a wagon owned and driven by one Weight-
man, with whom the plaintiff was at the time riding.   The
injury occurred in the township of Wyoming, about a mile
south of the city of Grand Rapids, on the Grandville road,
at the crossing of the track of the Lake Shore & Michigan
Southern Railway, which was then used by the defendant.
The defendant's bridge over Grand river in the city having
recently been carried away by high water, it was compelled
to cross the river about three miles below the city, upon the
bridge of the Lake Shore & Michigan Southern Railroad
Company.   Running westerly and southerly from the city,
down the river, and near its west bank, is a turnpike used
by the Grandville Plank-road Company, and upon which it
collects toll.  Near the Lake Shore bridge the railway crosses
this toll-road, but not at right angles, the railroad running
south twelve degrees west, and the toll-road running east
and about the same number of degrees north.   The toll-road
has a prepared surface twenty-four feet wide, and on each
side of this it declines to the gutters.

At the time of the injury the defendant had a train of cars
drawn across this toll-road, the engine facing the south.
They had run down to this point for some purpose of their
own to aid them in getting into the city..  While this train
stood across the highway, Mr. Weightman, with whom
plaintiff was riding, drove up from the west to within thirty
feet of the cars, and waited about ten minutes for them to
back off the highway.   At the end of this time the engine
backed the train far enough so that the engine cleared the
highway; the cow-catcher being just over the cattle-guard
on the north side of the highway, and being turned a little
sideways to the highway by reason of the acute angle formed
by the rails and the highway.   From this cattle-guard to
where Weightman crossed the rails was thirty-three feet.

The plaintiff claims, before Weightman started to drive
across, the engine was blowing off steam from the safety-
valve, but his team had become accustomed to this from
being used by Weightman in delivering freights at the depots
in the city, and were perfectly quiet, paying no attention to

this; that after the engine stopped, Mr. Weightman thought they had backed to give him an opportunity to cross, and started forward; that his team was perfectly quiet and showed no signs of fear, until they had stepped over the rails and his wagon stood on the rails; that at this moment the cylinder cocks were opened, and the steam rushed out with a sharp hissing sound, and a cloud of vapor blown towards the horses at the same time, which caused them to spring to one side and forward, overturning the wagon in which plaintiff was riding; that soon thereafter the plaintiff was found at this moment standing on his knees, but pitched forward with his face in the dirt; and he had his right shoulder badly hurt, his right arm broken, a severe cut under the right arm in his side, and a bad gash in his head, nearly on the top, and many other minor bruises, but not serious; that the break in the arm healed properly; the hurt at the shoulder proves to be a severe and permanent injury, causing atrophy of the right arm, inability to raise it, and leaving it almost entirely without strength in any position; that the hurt of the head produces dizziness, so that he is in danger of falling when the fits come on, and has to seize something to hold him up, and renders him sleepy and helpless while it lasts; that he lost about thirty pounds of flesh, which he has not regained; that the shock has rendered him morbidly timid about handling horses and riding after them; that he is a Hollander, and was sixty-two years old at the time of the accident.

The defendant claims that when the team was first seen by the engineer, the engine was moving slowly towards the north, and the accident had occurred; the engineer, being on the opposite side of the engine with his attention directed to the rear of the train, did not see the team at all until after it had broken loose from the wagon and run up the road; that when the signal had been given to the engineer, and he started the train back, Weightman started to drive across; that when he reached the track the engine stood nearly at the north line of the highway, and at this point the horses were frightened and sprang forward and to one side; that the road was turnpiked and the wagon was drawn into such

a position that it tipped over, and the men were thrown out, and the horses broke loose from the wagon and ran away; that the injury was one which might have been avoided with proper and reasonable care on the part of plaintiff; and that it was not occasioned by any negligence on the part of the defendant.

The cause was tried by jury, and the plaintiff recovered a verdict for $2500, and the case comes here for review on error, the bill of exceptions containing substantially all the testimony in the case.

Assignments of error number 1, 9, 10 and 11 raise the question of the sufficiency of the plaintiff's declaration. The first relates to the introduction of evidence. The defendant objected to any being given, on the ground that the declaration does not state a cause of action, and asked the court to say to the jury that the plaintiff could not recover for the same reason. If this position of defendant's counsel is correct, he should have demurred to the amended declaration; but, aside from this, we do not think these exceptions well taken.

Upon the facts stated in the declaration, the duty of the defendant was clearly implied, and that is sufficient without an express averment. The engine and train had been obstructing the highway; Mr. Weightman had stood with his team and wagon some moments, waiting for the train to pass; it did so, and apparently for the accommodation of Weightman, who wished to pass on east. The engine stood just out of the highway by the cattle-guard, and the road was clear; the horses were gentle and accustomed to cars and the usual noise made by them and engines. It was then the plaintiff's privilege to pass on, unless in some way warned to the contrary by the defendant or its servants. No such warning came until a burst of steam from the cylinder cocks was thrown from the engine against the horses just as they had crossed the defendant's track, the wagon yet being thereon, enveloping the team in vapor, and frightening them to the extent that they became unmanageable. The engine stood heading towards the crossing, the cow-catcher being

just over the cattle-guard. It was certainly not negligence in the plaintiff in attempting to cross the track under such circumstances, and it was for the jury to say whether, under all the circumstances, it was negligence for the company's agents not to have discovered the plaintiff's team before, and to allow the steam to escape in the manner it did just at the time the plaintiff was making the crossing. We have discovered nothing in the record showing any necessity for opening the cylinder cocks just at that time. We find no error under either of the assignments referred to.

Assignments numbered 2, 3, 4, 5, 6, 7 and 8 relate to questions of evidence. We see no reason why it was not competent for Mr. Weightman to give his opinion as to what frightened the team. He was driving them at the time, and his attention was directed to the surroundings, and his observation must have enabled him to form some judgment. We find nothing improper in the rulings of the court under either of these numbers.

The 13th, 14th, 18th and 28th assignments all relate to the contributory negligence of the plaintiff. The court gave all that was proper to be given in the requests to which they refer in his general charge.

The attention of this Court is challenged to the negligence claimed on the part of the defendant in the requests of the defendant under the 12th, 16th, 17th, 19th and 20th assignments of error, and to those portions of the charge as given by the court numbered 23, 24, 25, 26 and 27 in the assignments of error. We have examined the requests referred to, and think they were all properly rejected. The most of these requests ask the court to pass upon the facts, which are not conceded, and therefore strictly within the province of the jury. The charge given by the court, and excepted to, is as follows:

"Naturally the first question which you will consider will be, was the engineer negligent in the manner alleged? And in determining this question you are at liberty to and should take into consideration the situation of the train, and the rights and duties of the engineer in its conduct. A railroad company has the right of way over the track, and in run-

ning its trains over its road has necessarily the right to make all reasonable and usual noise incident thereto, whether caused by the escape of steam, rattling of cars, or from other causes. The defendant had the right to use the engine in any usual, ordinary way, and open the steam-valves when necessary to the proper management of the train; and whether the opening of these valves was necessary, and whether it was usual and common to do so under like circumstances, is a question of fact for you to determine; or whether, on the other hand, the engineer was negligent in what he did, is a question of fact for you to determine. If, as a matter of fact, the valves were not opened, the plaintiff cannot recover in this action at all; for, in that case, there is no evidence of any negligence on the part of the engineer. The two claims are conflicting upon the evidence upon some points. There is evidence on the part of the plaintiff which tends to show, as is claimed, at least by inference, that the valves were opened and steam emitted from the engine after the engine had come to a standstill and had backed off the highway, leaving room for the plaintiff to pass with his team, or Mr. Weightman to pass. On the other hand, it is claimed on the part of the defendant that these steam-valves were not at any time open after the train came to a halt. I instruct you, as a matter of law, that if the steam-valves were not opened by the engineer, there is no evidence of any negligence on his part which would justify a recovery in this action.

If, on the other hand, you find that the steam-valves were open so as to emit steam in the manner claimed, it then becomes a question of fact for you to determine whether, under all the circumstances of this case, in view of all the surroundings, the location and situation of the train, and the duty which the engineer owed in the conduct of the train to look out in the direction in which the train was then going—to wit, to the rear of the train, as well as to use reasonable caution with reference to this highway—as to whether or not, as a matter of fact, the engineer was in the exercise of due and proper caution; and if he was, the plaintiff cannot recover. If he was not, the other questions will then be opened for your consideration. In other words, whether, in opening the valves, under the circumstances of this case, if you find the valves to have been open, the engineer exercised such care as a person of ordinary prudence would exercise under like circumstances; if he did, he was not guilty of negligence; if he did not, he would be guilty of negligence.

From what I have said to you you will understand that if both parties, the driver of this vehicle, Mr. Weightman, and the engineer, were alike in the exercise of ordinary care, and there was no negligence on the part of either, then this injury would be what is termed a mere accident, and there could be no recovery, and no liability on the part of either. If you find that there was negligence on the part of the engineer in the conduct of this train, and in the manner alleged, it then becomes your duty to inquire whether the plaintiff, or the driver of the wagon, who stands in the same position as the plaintiff, contributed to that negligence. For the rule of the law is that no party can recover in a court of law for the negligence of another if his own negligence—or if, as in this action, the negligence of the person with whom he is traveling in the vehicle, the driver of the vehicle in which he is traveling—contributes to the injury. And so I charge you as requested, any negligence of the driver is chargeable to the plaintiff in this case; and if there was negligence on the part of the driver which contributed to this injury, the plaintiff cannot recover."

We think this charge of Judge Montgomery was correct, and the exceptions relied upon by the defendant's counsel cannot be sustained. It was very fair, and stated the law applicable to the facts presented by the testimony very clearly.

The defendant's eighth request, and its 29th, 30th, 31st and 32d assignments of error, relate to the subject of damages and the court's rulings thereon. In the request made, the court is asked to charge that plaintiff is limited in his declaration to recovery for loss of business to the period of one year. We do not think, however, such construction is the proper one to place upon the declaration. The plaintiff alleges that he was permanently disordered, and avers what had been the effect of the injury upon him in the past, and what was then apparent to him. We think the construction claimed by defendant's counsel too narrow, and no error was committed in refusing the request. In the charge given, and to which the other exceptions relate, the court said to the jury: The plaintiff, if entitled to a verdict, would have the right to recover

"for his loss of time and his impaired capacity to earn

money. You have the right to consider, in determining the amount of this, what the plaintiff would probably have been able to earn during the period of the interruption had he not been injured; and if, by reason of the injury, he is prevented from earning any money whatever, of course that would constitute the measure of damages upon that branch. If, by reason of the injuries, however, his ability to earn money has simply been impaired, so that he can earn some sum of money, but less than the amount which he otherwise could have earned, that would constitute the measure of damages upon that point. So the expense attending upon any illness resulting from the injuries, the expense of procuring a physician, for instance, would be an element to be considered. So the physical pain and suffering, and the fright and shock to the plaintiff, he would be entitled to have considered in estimating what damages should be awarded to him. As to these elements of damage, to wit, physical pain and suffering, and the fright and shock to the plaintiff—as in the very nature of things these are elements of damages which are not susceptible of any exact computation—it is for the jury to determine the amount as their best, candid, and careful judgment shall dictate. Upon neither side, however, should the jury go to extremes, or assume to act arbitrarily, because it is not an arbitrary power which the law places in your hands. It is a power of necessity resting somewhere, and the law wisely gives that power to a jury to act upon their deliberate, conscientious judgment in determining what would be a fair compensation for the injury sustained; and if you reach this amount, you have reached a result the law contemplates, to wit, compensation purely for the injury suffered. You have no right to go beyond that and award anything, by way of example, for any supposed breach of duty on the part of the defendant."

The exceptions cover nearly all the paragraph above quoted. We do not think they can be sustained. It seems to us that the items stated and pointed out to the jury enter into the character and extent of the actual injury complained of, and for which the plaintiff is entitled to recover, if at all. *Seger v. Barkhamsted* 22 Conn. 298; Sedg. Dam. 648, note 2; Shearm. & Redf. on Neg. 606; Thomp. on Neg. 1258; 3 Suth. Dam. 712, and cases cited; *Ransom v. New York & E. R. Co.* 15 N. Y. 415.

We have passed in review all the points made in the case

by counsel for defendant, and have carefully examined the record and briefs on both sides.  We fail to discover any error in the record, and

The judgment must be affirmed.

COOLEY, C. J. and CHAMPLIN, J. concurred.

CAMPBELL, J.   I think there was no case for the jury.