HOWE *v.* CHICAGO, KALAMAZOO & SAGINAW RAILROAD CO.

1. NEGLIGENCE—DANGEROUS PREMISES—RAILROADS—PUBLIC CON-
VENIENCES—INSPECTION—QUESTION FOR JURY.

In an action for injuries occasioned by plaintiffs being precipi-
tated into the vault of a public convenience at a railroad sta-
tion on its floor giving way, evidence examined, and *held*,
that whether defendant railroad company was negligent in
failing to properly inspect it was for the jury.

2. SAME—DAMAGES—INSTRUCTIONS.

Instructions on the measure of damages in such a case exam-
ined, and *held*, not erroneous as permitting the jury to specu-
late upon the value of the injuries to the plaintiffs' feelings,
no matter in what way they were occasioned.

3. SAME—DAMAGES—INJURY TO FEELINGS.

The damages recoverable for such an injury may include in-
jury to feelings occasioned by the fright and suspense which
plaintiffs suffered while in the vault.

4. PERSONAL INJURIES—EXAMINATION OF WITNESS—OBJECTION.

Where a witness in a personal injury case testifies that plain-
tiff "always complains" a motion to strike out the answer
that "she always complained" is not sufficient to call at-
tention to the objection that the statement of witness is a
narrative of past suffering.

5. SAME—PRESENT OR PAST SUFFERING.

A statement by a witness in a personal injury case that plain-
tiff "always complains of being sore through her lungs"
fairly imports that the complaints made related to present,
rather than past, suffering.

Error to Barry; Smith, J. Submitted February 15,
1905. (Docket No. 161.) Decided April 21, 1905.

Case by Eva Howe and Frances Roach against the Chi-
cago, Kalamazoo & Saginaw Railroad Company for per-
sonal injuries. There was judgment for plaintiffs, and de-
fendant brings error. Affirmed.

*Colgrove & Potter*, for appellant.

*Thomas Sullivan*, for appellees.

MONTGOMERY, J.   These two actions were brought to recover damages for injuries sustained by the plaintiffs from being precipitated into the vault of a privy situated on defendant's station grounds at Hastings.   The two cases were tried as one, and a verdict in favor of plaintiffs and judgments based thereon were entered.

The chief contention is that there was no evidence in the case supporting the averments in the declaration as to defendant's negligence.   The declarations were not essentially different.   In the second count of the Howe case defendant's duty and neglect thereof are set out as follows:

"It became and was the duty of the said defendant to keep the foundation thereof safe, and to keep the timbers supporting the floor and the seats therein in a secure and safe condition, and to make timely and reasonable inspection of said privy and the floor and timbers supporting the same, and supporting the seats thereof from time to time, and to see that they did not become decayed, weakened, or misplaced, so as to become unsafe or unfit to hold and maintain the weight of those who should have occasion to enter and use the same, and it became and was their duty to take all timely and reasonable precautions to keep and maintain said privy, and each and every part thereof, in such a condition that the same would not break and give way under the weight of those who might enter the same. * * * That the said defendant disregarded its said duty in the premises, wrongfully and negligently failed to keep and maintain said privy in a safe condition for the use of its employés, patrons, customers, and the general public, and failed to keep the foundation thereof safe, and failed to keep the timbers supporting the floor and seats in said privy in a secure and safe condition, and failed to make timely and reasonable inspection of said privy and the floor and timbers supporting the same and supporting the seats therein, and failed to keep the same in such condition as to hold and maintain the weight of those who should have occasion to enter and use the same, and did not take all timely and reasonable precautions to keep and maintain said privy, and each and every part thereof,

in such a condition that the same would not break or give way under the weight of those who might enter the same, but wrongfully and negligently permitted said privy to become unsafe, and the floors and timbers beneath the floor and seats to become rotten, decayed, and weakened, and to become unsafe, dangerous, and insufficient in strength and firmness to maintain the ordinary and reasonable weight which its use from time to time would place upon it."

At the close of the testimony the court withdrew from the jury all question of faulty construction of the privy as not within the declaration.

The defendant's counsel state in their brief their view of the scope of the declaration as follows:

"The declarations nowhere charge faulty construction. The suits were planted upon the theory that the defendant had negligently failed to maintain, and not upon the theory that the building was constructed in a faulty manner, and the negligence charged in the declarations against the defendant was:

"*First*, that the defendant was negligent in maintaining the privy in an unsafe condition; and,

"*Second*, that defendant was negligent in failing to make proper inspection of the same."

And it is strenuously contended that there was no evidence of negligence in making proper inspection.

The evidence showed that the privy was built before the road was built, some 15 years ago; that it had been moved twice—the last time not many weeks prior to the accident. The first time it was moved the privy was tipped over, and the timbers examined, and found to be sound. The privy was last moved under the supervision of Mr. Burke, an employé of defendant. A new vault was excavated, boarded up on three sides and partly on the fourth side. The privy was then placed upon the new foundation, and Mr. Burke went through the opening, and sounded the timbers, and inspected them as well as he could under these circumstances, and found them sound, as he states. He testified that he tapped the timbers with a hammer to see if they were all right; that he couldn't tell what kind

of timber it was; that he didn't see the nails, but saw it was all solid by hitting it.  He also testified that the stringers were toe-nailed.  It appeared by further testimony of defendant's witnesses that the nails were in fact rusted off when the floor gave way a few weeks later. We think it cannot be said as matter of law that this inspection was all that was required.  Particularly in view of the peculiar construction of this building (which might be considered for this purpose) it was a question for the jury as to whether a proper inspection of this building required an examination of the nails sufficient to determine whether they were rusted off, as it was as apparent to the witness Burke as it was to the jury that, whether the construction be proper or improper, it was such as to leave this support dependent entirely upon the soundness and sufficiency of these nails.  We think this was a question for the jury.

Complaint is made of the charge of the court on the subject of damages.  The court said to the jury that plaintiffs were entitled to recover compensation for injuries to their feelings occasioned by the fright and suspense, if any existed, while in the vault, but distinctly excluded damages for humiliation, disgrace, and annoyance.  It is contended that damages for injury to feelings are not recoverable in the absence of evidence of some voluntary act or gross neglect.  The trial court evidently recognized fully the rule which excludes *added* damages for injury to feelings where the elements of gross carelessness or wantonness are lacking, but recognized that such inevitable injury to feelings as necessarily occurs from shock and fright are not dependent upon the malice of the defendant, but necessarily flow from the injury.  The court, in this charge, followed the holding in *Styles* v. *Village of Decatur*, 131 Mich. 443.  Counsel for defendant do not question that under the ruling in the case cited fright and suspense might be considered, but insist that the court had no right to go beyond this, and throw open the door for the jury to speculate upon the value of the injuries to

the plantiffs' feelings, no matter in what way they were occasioned. The court did not leave the question to the jury in any such broad way as this criticism implies; on the contrary, the charge distinctly limited the recovery for injury to feelings to injuries to feelings *occasioned* by the fright and suspense which plaintiffs suffered while in the vault.

On the examination of Ida Backus, a witness for plaintiff, the following occurred:

" *Q.* What other things have you noticed in reference ?
" *A.* She always complains of being sore through her lungs.
" *Mr. Colgrove:* I move to strike out the answer that she always complained.
" *Mr. Sullivan:* I think it is a proper question.
" *The Court:* I am inclined to think that testimony is admissible.
" *Mr. Colgrove:* I am perfectly willing that the court should rule so. I want the record. Give me an exception."

It is now insisted that this testimony was not admissible, for the reason that the statements are not limited as to time, and, for aught that appears, they may have been narratives of past suffering. The attention of the court was not called to this specific objection. Moreover, the language fairly imports that the complaints made and testified to by this witness related to present suffering. *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 500; *Elliott* v. *Van Buren*, 33 Mich. 52.

The charge fairly presented the issues to the jury.

Judgments affirmed.

CARPENTER, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.