COOPER v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

1. Insurance—Notice of Cancellation—Receipt—Question of
   Fact—Appeal and Error.
     A question of fact existed whether a notice of cancellation of
     an insurance policy had been received by the insured where
     evidence existed that the notice had been mailed and the in-
     sured denied receiving the notice; the lower court's finding
     of fact will not be overturned on appeal unless it is clearly
     erroneous.

2. Insurance—Notice of Cancellation—Return of Excess Pre-
   mium—Statutes.
     An insurer substantially complied with the statute governing the
     manner and terms of a notice of cancellation of an insurance
     policy even though the notice did not state that the insured
     had a right to a refund of excess paid premium upon demand
     where there was no excess paid premium, but instead a deficit
     in premiums due, the ground for the cancellation of the policy
     (MCLA § 500.3020).

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 May 10, 1971, at Lansing.
(Docket No. 7513.)  Decided May 18, 1971.

Complaint by John Henry Cooper against State
Farm Mutual Automobile Insurance Company seek-
ing declaratory judgment that Cooper had coverage
under a State Farm policy of insurance.  Judgment
for defendant.  Plaintiff appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  44 Am Jur 2d, Insurance § 2063.
[2]  43 Am Jur 2d, Insurance §§ 403–415.

*Benton, Hicks, Beltz, Behm & Nickola,* for plaintiff.

*Gault, Davison & Bowers,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

DANHOF, J.   The plaintiff brought this action seeking a declaratory judgment that he had coverage under a policy of insurance.   The trial court found for the defendant and the plaintiff has appealed.

On November 11, 1965, the plaintiff obtained a policy of insurance covering an automobile.   Prior to this, the plaintiff had some type of policy with the defendant, the exact nature of which is not clear from the record.   The policy issued in November was to be in effect until May 1, 1966, and the premium was $58.60.

The plaintiff made no payment and on December 21, 1965, the defendant mailed a past due notice to the plaintiff stating that he owed $64.70 and that unless payment was received by January 4, 1966, his insurance would be cancelled.   The difference of $6.10 between the agreed premium and the bill for $64.70 has been explained by the company as a debt owed them for an earlier transaction.   On or about December 16, 1965, the plaintiff sent a letter offering to make payment in two installments and enclosing $32.50.   It appears that the defendant was agreeable to installment payments and the insurance was not cancelled.

On or about January 13, 1966, the plaintiff sent the defendant a payment of $34.20, and there was no further communication between the parties until April of 1966.   It is to be noted that the two pay-

ments sent in December and January totaled $66.70 or $2 greater than the bill for $64.70. The defendant explains this difference by stating that the $2 was a service charge for the privilege of making installment payments.

In April of 1966, the plaintiff received a premium notice in the amount of $75.20 for coverage from May 1, 1966, to November 1, 1966. Plaintiff was also notified that if payment was not received by May 10, 1966, the insurance would be cancelled as of May 1, 1966. However, if payment was received by the 10th, the insurance would be considered in force as of the 1st.

Plaintiff mailed a payment to the defendant in an envelope postmarked May 9, 1966. However, this payment was in the amount of $64.70, not the $75.20 for which he had been billed. Along with the payment the plaintiff enclosed the premium notice that he had received the year before in the amount of $64.70.

Upon receipt of the $64.70, the defendant applied it to provide insurance until October 6, 1966. Thereafter it appears that nothing was done until September 22, 1966, when the defendant sent plaintiff a cancellation notice stating that unless payment of $10.50 was made the insurance would be cancelled on October 6, 1966. In the meantime the plaintiff without notifying the defendant of his change of address had moved, and he contends that he never received this notice.

As fate would have it, on October 20, 1966, the plaintiff was involved in an automobile accident. He subsequently notified the company, the company denied coverage, and this litigation ensued.

We turn first to the question of whether the plaintiff received the notice of cancellation. There was ample proof that the notice had been mailed and

the plaintiff's denial that he had received it gave rise to a question of fact. *DeHaan* v. *Marvin* (1951), 331 Mich 231. The trial court found as a fact that the notice had been received. We can overturn this finding only if it is clearly erroneous. GCR 1963, 517.1. This issue is primarily one of credibility and we defer to the judgment of the trial court.

The plaintiff contends that the effective date of cancellation is not October 6, 1966, but some later date. With respect to this contention the trial court made the following finding:

"Plaintiff questions the accounting period and method used in calculating the termination date of the policy, but these arguments are rejected by the court as not being sustainable under the facts of this case. In summary of the court's findings relating to those arguments of plaintiff, the court specifically finds that the period of time covered by the policy in question commenced May 1, 1966, and normally would have terminated on November 1, 1966, but that due solely to plaintiff's failure to pay sufficient premium, the adjusted expiration date was properly calculated to October 6, 1966."

The trial court's finding had ample support in the record and we cannot say that it is clearly erroneous.

The plaintiff contends that the payment of $6.10 on the old bill was improper and this amount should be applied to the premium thus lengthening the insurance period. He makes this same contention with regard to the $2 service charge. The record does not support these contentions.

The plaintiff also contends that the notice of cancellation did not comply with the statutory form. MCLA 1971 Cum Supp § 500.3020 (Stat Ann 1971 Cum Supp § 24.13020) provides:

"the policy may be cancelled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

The notice sent to the plaintiff on September 22, 1966, did not state that the excess premium would be refunded. The plaintiff contends that this constitutes a fatal noncompliance with the statute. We cannot accept the plaintiff's argument. The cancellation was for nonpayment of premium and the notice showed that the plaintiff had paid $10.50 too little. In this case there was no excess premium. We find that the defendant substantially complied with the statute.

Affirmed, costs to the defendant.

All concurred.