HIXSON v SCHEFKE

1. TRIAL—PRETRIAL CONFERENCE—WAIVER—COURT RULES.

Proceeding with a trial after the plaintiff introduced evidence which was not on the pretrial summary and after the defendant raised an objection that the pretrial conference and summary had been improperly waived by their stipulations without compliance with court rule was proper where the defendant was not surprised by the evidence (GCR 1963, 301.8, 529.1).

2. DAMAGES—EXCESSIVE DAMAGES.

A verdict awarding damages of $20,000 to a plaintiff whose injuries are both disabling and permanent is not so excessive as to shock the judicial conscience and, therefore, will not be overturned on appeal.

3. DAMAGES—SET-OFF.

A mere claim, not reduced to judgment, may not be set off against a judgment.

4. DAMAGES—SET-OFF—LOST WAGES.

An amount paid by the defendant to the plaintiffs prior to trial as compensation for lost wages must be set off against a subsequent judgment for damages in which an element was lost wages, even though there was no written agreement that the prejudgment payment would be set off against a judgment and even though defendant, for tactical reasons, did not introduce evidence of the payment, because the plaintiffs cannot be unjustly enriched by collecting an item of damages twice.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 January 10, 1972, at Detroit. (Docket No. 11310.) Decided April 26, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 967.
[2] 22 Am Jur 2d, Damages § 366 et seq.
[3] 22 Am Jur 2d, Damages § 187.
[4] 22 Am Jur 2d, Damages § 89 et seq.

Complaint by Maggie L. Hixson and Sam Hixson against Marie Schefke for damages sustained in an automobile accident. Judgment for plaintiffs. Defendant appeals. Affirmed with instructions that a remittitur or, in the alternative, a new trial be ordered by the trial court.

*Royal G. Targan,* for plaintiffs.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Edmund P. Arbour),* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. On September 19, 1967, an automobile occupied by plaintiffs, Mr. and Mrs. Hixson, was struck from behind by an automobile driven by defendant, Marie Schefke. The Hixsons filed suit for damages. At the trial of the lawsuit, plaintiffs' medical expert testified that Mrs. Hixson had sustained probable permanent disabling back injuries as a result of the accident; his testimony was uncontradicted. Mr. Hixson sought recovery only for loss of consortium, not for any injuries to himself. The jury returned a verdict of $20,000 for Mrs. Hixson, and $5,000 for Mr. Hixson. From the entry of judgment following this verdict, defendant appeals.

I

The first issue raised by the defendant on appeal revolves around the parties' waiver of the pretrial conference. Such a conference was scheduled for May 22, 1970. However, on that date, counsel for

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

both parties signed a stipulation waiving the pretrial conference and summary. On the same date, the circuit judge signed an order waiving the conference in accordance with the stipulation of counsel.

Shortly before the date of the waiver of the pretrial conference, plaintiffs' counsel filed an unsigned, but completed, pretrial statement which set out in detail plaintiffs' theory of the case, and also contained an itemized statement of plaintiffs' medical expenses. After the trial had begun, plaintiffs' attorney began offering certain medical bills into evidence. At this point defense counsel objected, stating that certain of the bills which plaintiffs' counsel intended to offer were not included on his pretrial statement. The trial judge then pointed out that the waiver of the pretrial conference and summary did not comply with the provisions of GCR 1963, 301.8. The said court rule requires such waivers to be filed ten days before the scheduled date of the pretrial conference. This was obviously not done in this case.

Defense counsel then objected to a continuation of the trial without proper compliance with the court rule.[1] The jury was then excused, and the trial judge conducted a lengthy colloquy with counsel. The trial court determined that very little of what plaintiffs were planning on introducing into evidence took the defense by surprise. Plaintiffs' counsel had, prior to trial but after the stipulation waiving the pretrial conference, informed defense counsel of the fact that certain medical bills existed which were not listed on plaintiffs' pretrial summary. Furthermore, regarding a dispute which arose during the colloquy

---

[1] It should be noted that, as to Wayne County, GCR 1963, 301.8 has been repealed. See 384 Mich xlii.

between court and counsel, the trial court ruled that plaintiffs' claim for lost wages on the part of Mrs. Hixson also did not take the defendant by surprise in that defendant had tendered partial payment of said lost wages to the plaintiffs. The judge then ordered the trial to proceed.

The defendant now argues that it was erroneous for the trial court to proceed with the trial, given that GCR 1963, 301.8 had not been complied with. We disagree. GCR 1963, 529.1 provides as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding shall construe these rules to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceeding which does not affect the substantial rights of the parties."

We agree with the trial court that the surprise to the defendant was minimal, and that he has not been deprived of "substantial justice".

## II

The second argument raised by the defendant is that the verdict of the jury was excessive. Again we must disagree. It is well settled that a jury verdict will not be set aside unless it is " * * * so excessive as to shock the judicial conscience * * * ". *Powers v City of Troy,* 28 Mich App 24, 40 (1970). Given that the injuries to the plaintiff are both disabling and permanent, the verdict re-

turned by the jury does not so shock the conscience.

## III

Finally, the defendant argues that it was erroneous for the trial court to deny his post-judgment motion to reduce the jury verdict by $1,068.70, the amount paid to the plaintiffs by the defendant prior to trial as compensation for lost wages. The defendant, for tactical reasons, did not introduce evidence of the prior payment despite the fact that plaintiffs claimed, as an element of their damages, the lost wages towards which the defendant had made partial payment. This payment is undisputed. It is, of course, well settled that a " * * * mere claim, not reduced to judgment, may not be set off against a judgment * * * ". 47 Am Jur 2d, Judgments, § 1011, p 101. However, here we have more than a mere claim since it is an undisputed fact that the money was paid and the plaintiffs would be unjustly enriched were they able to collect twice. It would have been better for the parties to enter into a written agreement but, even in the absence of such a written agreement, plaintiffs cannot have an item of damage which has heretofore been paid. Additionally, if we were to hold to the contrary, public policy would dictate that we refrain from hindering insurance companies from paying partial claims prior to trial. Such a chilling effect would clearly be against public policy.

The jury verdict is affirmed in all other respects. The trial court is directed to order a remittitur consistent with this opinion or, in the alternative, to grant a new trial. No costs, neither party having prevailed in full.

All concurred.