TAYLOR v MICHIGAN POWER COMPANY

1. NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY—
   APPEAL AND ERROR.

   The fact that there may have been other plausible theories of
   cause and effect supported by the evidence in a negligence
   action does not justify a reversal of the jury's determination.

2. NEGLIGENCE—EVIDENCE—PLUMBING   CODE—EXCLUSION—APPEAL
   AND ERROR.

   Exclusion from evidence of the plumbing code did not constitute
   error in a negligence action for damages resulting from a fire
   where there was no evidence of any complaint of unsanitary
   condition which would have called for inspection and where the
   premises involved were built long before the enactment of the
   code and the clear legislative intent is that the code is to cover
   dwellings erected subsequent to the effective date of the statute
   (MCLA 125.437).

3. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS—DISCRETION.

   The determination of whether a witness qualifies as an expert is
   discretionary with the trial court.

4. EVIDENCE—ADMISSIBILITY—PHOTOGRAPHS—FIRE   VICTIM—PREJUDI-
   CIAL EFFECT—PROBATIVE VALUE—DISCRETION.

   The trial court's admission into evidence of gruesome photo-
   graphs of a deceased fire victim was not an abuse of discretion
   since the photographs' prejudicial effect did not outweigh their
   probative value regarding the issue of whether or not there had
   been conscious pain and suffering prior to death.

5. DAMAGES—EXCESSIVE DAMAGES.

   A verdict awarding damages of $50,000 for each decedent in an

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1121.
  57 Am Jur 2d, Negligence § 141.
[2] 57 Am Jur 2d, Negligence § 7.
[3] 58 Am Jur, Witnesses § 834.
[4] 29 Am Jur 2d, Evidence § 260.
[5, 6] 22 Am Jur 2d, Death §§ 176–178.

action for wrongful death was not so excessive as to shock the judicial conscience where the evidence indicated that there was conscious moving and cries for help after an explosion and before death.

6. DAMAGES—WRONGFUL DEATH—ELEMENTS—STANDARD JURY INSTRUCTIONS.

In an action for wrongful death where decedents were killed in a fire following a gas explosion it was not error for the judge to add the words "mental anguish", "fright", and "shock" to his instructions on the issue of conscious pain and suffering prior to death because such elements are recognized by the Michigan Standard Jury Instructions, which, while they are not to be given the force and effect of court rules, are nevertheless the work of a committee created by the Supreme Court (SJI 32.03).

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 February 6, 1973, at Grand Rapids. (Docket No. 12007.) Decided March 26, 1973.

Complaint by Peggy K. Taylor, executrix of the estate of Theodore Kaluz and administratrix of the estate of Taimi Kaluz, against the Michigan Power Company for damages for wrongful death. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kendricks & Bordeau, P. C.,* for plaintiff.

*Humphrey & Weis,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

DANHOF, P. J. This is an action for damages under the wrongful death act. MCLA 600.2922; MSA 27A.2922. It arose out of an explosion and fire on October 29, 1967. Plaintiff's decedents, Mr. and Mrs. Kaluz, who resided in a second-story apartment located in the Bureau Building, Marquette, Michigan, died in the fire.

At the close of a jury trial, $50,000 was awarded for each death. Defendant's motion for a new trial challenging the sufficiency of the evidence and alleging trial error was denied. Defendant appeals this decision. We affirm.

Plaintiff's theory and proofs at trial were that the explosion and fire were caused by leakage of natural gas from a gas main of defendant company on Third Street in front of and across from the Bureau Building; that defendant was negligent in allowing the gas to leak into a manhole and through a lateral sewer pipe, thence up through a vent stack into an attic above the Kaluz apartment where it collected and ignited.

Defendant's primary contention is that the evidence sets forth a theory of negligence and liability which is mere conjecture attained by the impermissible use of inference upon inference. Although the evidence in several areas of this case is conflicting, there was sufficient evidence to point to a logical sequence of cause and effect, if believed by the jury. In a case such as this one where much of the evidence was destroyed, the fact that there may have been other plausible theories of cause and effect supported by the evidence does not justify a reversal of the jury's determination. *Schedlbauer v Chris-Craft Corp,* 381 Mich 217 (1968). Here the jury could reasonably conclude that the gas main broke, the escaping gas entered into and followed the sewer into the attic, where it ignited, and finally that the break in the main was caused by defendant's negligence in allowing improper earth tamping in the area of the manhole where the break occurred. *Kawbawgam Hotel Co v Michigan Gas & Electric Co,* 372 Mich 507, 513 (1964). We are of the opinion that there was sufficient evidence to support the jury's finding.

Defendant contends that the trial court erred in not finding plaintiff guilty of contributory negligence as a matter of law. There was evidence that the ignition of accumulated gas may have been caused by a spark from an open hole in the chimney in the attic area above the Kaluz apartment. The question is whether the plaintiff was negligent in allowing this hole in the chimney to remain uncovered. There was testimony indicating that the original builder and owner of the structure never used the attic area; that, after the property was deeded to Mr. & Mrs. Kaluz, no one ever entered this unfinished area of the building; that there was no evidence of oil, fuel, or other items in the attic. Under these circumstances, we find no error in leaving the issue of contributory negligence to the jury.

The trial court's exclusion of the plumbing code did not constitute error as the defendant claims. There was no evidence of any complaint of unsanitary condition which would have called for inspection of these premises built long before the enactment of the code. Moreover, the clear legislative intent is that the code is to govern plumbing in dwellings erected subsequent to the effective date of the statute. MCLA 125.437; MSA 5.2808.

The contention that certain witnesses were unqualified to testify as experts is of questionable merit. The determination of whether a witness qualifies as an expert is discretionary with the trial court. The witness in question had 17 years of experience dealing with excavation and related work. His knowledge of soil tamping and the custom of using pneumatic rather than hand tamping was admissible. We find no abuse of discretion.

Defendant alleges error in that plaintiff and her husband were allowed to appraise the property

damage loss resulting from the explosion and fire. Since the Kaluz apartment was totally destroyed, the court was faced with a difficult problem in ascertaining damages. Under these circumstances, we do not feel that the method of determining loss was unreasonable.

The trial court did not abuse its discretion in admitting two photographs of Mr. Kaluz's body. Although gruesome, they were relevant to the issue of whether or not there had been conscious pain and suffering prior to death. We are not convinced that any prejudicial effect outweighed their probative value regarding the point in issue. *Anderson v Lippes,* 18 Mich App 281, 288 (1969).

Defendant contends that the trial court erred in adding the words "mental anguish", "fright", and "shock" to his jury instructions on the issue of conscious pain and suffering prior to death. Although Michigan Standard Jury Instructions are not to be given the force and effect of court rules, nevertheless this volume was the work of a committee created by our Supreme Court. 383 Mich xxxviii (1970). It is, therefore, entitled to some deference. Under SJI 32.03, the instruction can be expanded to include applicable elements from SJI 30.02 which provides among other elements for mental anguish, fright, and shock. We find no instructional error on the facts of this case.

Finally, the defendant contends that the jury's award was grossly excessive. It is well-settled that a jury's verdict will not be set aside if it is not so excessive as to shock the judicial conscience. *Powers v City of Troy,* 28 Mich App 24, 40 (1970); *Hixson v Schefke,* 40 Mich App 218, 221 (1972). The verdict of $50,000 for each decedent under the facts and circumstances of this case does not shock our conscience. The evidence indicates that there

was conscious moving and cries for help after the explosion and before death.

Affirmed, costs to the plaintiff.

All concurred.