Karen E. PLATT, Special Administratrix of the Estate of Marcia E. Platt, Deceased; Robert Platt and Willeen E. Platt, individually, Plaintiffs,

v.

McDONNELL DOUGLAS CORPORATION and American Airlines, Inc., Defendants.

Civ. No. 79–74433.

United States District Court, E.D. Michigan, S.D.

Jan. 13, 1983.

James F. Graves, E. Lansing, Mich., for plaintiffs.

Dykema, Gossett, Spencer, Goodnow & Trigg, James P. Feeney, John Heaphy, Detroit, Mich., for defendants.

## MEMORANDUM OPINION ON DEFENDANTS' MOTIONS TO DISMISS CERTAIN CLAIMS AND FOR PARTIAL SUMMARY JUDGMENT

THORNTON, District Judge.

This action for money damages arises out of the airplane crash of a DC–10 on May 25, 1979, near Chicago, Illinois which resulted in the deaths of all persons aboard. The Defendants, McDonnell Douglas Corporation and American Airlines, do not contest liability for compensatory damages.

Plaintiffs' decedent, Marcia E. Platt, is survived by her sisters Karen E. Platt and Marilyn Porter, as well as her father Robert Platt.

The matter before the Court arises out of Defendants' Motions to Dismiss Certain Claims and for Summary Judgment as to the claims of Willeen E. Platt and as to those brought by the surviving sisters of the deceased.

### I

Defendants move for partial summary judgment on the claims brought by Karen E. Platt and Marilyn Porter, the surviving sisters of Marcia E. Platt, the decedent. This motion will be denied on the basis of the Michigan Supreme Court's recent ruling in *Crystal v. Hubbard,* 414 Mich. 297, 324 N.W.2d 869 (1982), wherein the Court held that a deceased's siblings may recover damages for loss of the society and companionship of their sister.

### II

Defendants claim that, while there are no Michigan cases on point, plaintiffs' claims of conscious pain and suffering of the deceased must be dismissed because in this case there can be no eyewitness testimony or direct, medical or physical evidence presented from which any inference can be drawn as to plaintiffs' decedent.

Defendants concede that under the Michigan Wrongful Death Statute, M.C. L.A. § 600.2922(2); M.S.A. § 27A.2922(2) [1],

---

1. * * *

(2) Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, and [in] every such action the court or jury may give such damages as, the court or jury, shall deem fair and just. Under all of the circumstances to those persons who may be entitled to such damages when recovered including damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person during the period of intervening between the time of the inflicting of such injuries and his death. The amount of damages recoverable by civil action for death caused by the wrongful act,

neglect or fault of another may also include recovery for the loss of the society and companionship of the deceased. Such person or persons entitled to such damages shall be of that class who, by law, would be entitled to inherit the personal property of the deceased had he died intestate. The amount recovered in every such action shall be distributed to the surviving spouse and next of kin who suffered injury and in proportion thereto. Within 30 days after the entry of such judgment, the judge before whom such case was tried or his successor shall certify to the probate court having jurisdiction of the estate of such deceased person the amount and date of entry thereof, and shall advise the probate court by written opinion as to the amount thereof, representing the loss suffered by the surviving spouse and all of the

recovery is allowed "for pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and [one's] death" to the extent it can be proved. We think that Michigan law does not require dismissal of plaintiff's claim at this time. In *Swarthout v. Beard,* 33 Mich.App. 390, 190 N.W.2d 350 (1971) the trial court, after proofs were in, held that there was insufficient evidence of conscious pain and suffering to allow the jury to consider this as a factor in assessing damages. In upholding the trial court's decision in that case, the Court of Appeals stated the following:

> Leland Beard testified that he saw decedent standing in the corner of the excavation, that he saw dirt hit the decedent right back of his knees, and that, about that time, the whole earth fell right over on top of him.
>
> There was no testimony concerning whether the death was instantaneous, whether the decedent was rendered unconscious, suffocated, or what was the direct cause of death.
>
> A decedent's personal representative may recover upon proper pleading and proof in an action under the wrongful death act, damages for the pain and suffering, undergone by the decedent while conscious. Reasonable compensation for the pain and suffering may be based upon the period of decedent's consciousness between the time he received the injuries and his death.

                    *    *    *    *    *    *

In the present case, the trial court held there was not sufficient evidence of conscious pain and suffering to allow this to go to the jury. The record supports this determination.

33 Mich.App. at 409–10.

The Michigan Supreme Court upheld the Court of Appeals ruling on this issue. *Smith v. City of Detroit,* 388 Mich. 637, 651, 202 N.W.2d 300 (1972) (Reversed on the determination based on *Swarthout v. Beard, supra,* that pecuniary damages for loss of companionship could not be proper element of damages under Wrongful Death Act before 1971 amendment).

In *Lompre v. Venetjoki,* 76 Mich.App. 521, 257 N.W.2d 151 (1977) the Court of Appeals reversed the trial court's grant of summary judgment to defendant. The plaintiffs' amended complaint had alleged that plaintiffs' decedent had been under defendants' care, that defendants had negligently allowed plaintiffs' decedent to wander away from their rest home and that this negligence had "undoubtedly caused the death of" the decedent. The Court of Appeals stated that circumstantial evidence could be used to establish both the death and its cause, and that dismissal on the basis of "the impossibility of proof" was not appropriately granted on a motion for summary judgment. The Court held that "[p]laintiffs should be allowed to present to the trier of fact whatever evidence they have to support the claim of wrongful death." 76 Mich.App. at 524, 257 N.W.2d 151 (1977).

Plaintiffs herein argue that, from an evidentiary standpoint, it is clear that there is physical evidence that would support the claim of conscious pain and suffering. Plaintiffs refer to portions of the National Transportation Safety Board report to support the inference that the passengers "suffered pain while in the air, and before the plane finally smashed them to the ground,

next of kin, and the proportion of such total loss suffered by the surviving spouse and each of the next of kin of such deceased person, as shown by the evidence. After providing for the payment of the reasonable medical, hospital, funeral and burial expense for which the estate is liable, the probate court shall determine as provided by law the manner in which the amount representing the total loss suffered by the surviving spouse and next of kin shall be distributed, and the proportionate share thereof to be distributed to the surviving spouse and the next of kin. The remainder of the proceeds of such judgment shall be [distributed according to the intestate laws]. MCL § 600.-2922).

they were shocked, frightened, held in suspense; and otherwise subjected to mental and physical pain as the airplane inverted, rolled and plunged." (Plaintiffs' Brief in Opposition at 9). Plaintiffs further state that sophisticated equipment on board the plane monitored and recorded events during flight and that this equipment was recovered after the crash and used to analyze the flight characteristics of the aircraft. Plaintiffs argue that they should be allowed to present testimony and other evidence available from the National Transportation Safety Board based on this information with regard to their claims for conscious pain and suffering. We agree.

To paraphrase the words of the Michigan Court of Appeals, 76 Mich.App. at 524, 257 N.W.2d 151, while it is obvious that plaintiffs will have a difficult time sustaining their burden of proof on this claim, especially in establishing conscious pain and suffering from the time the decedent received injuries to the time of the death, plaintiffs' ability to prove their allegations is not tested by a motion for summary judgment.

## III

■ Defendants also seek dismissal of plaintiffs' claims for pre-impact fright and terror with the argument that such claims are not expressly provided for under the Michigan Wrongful Death Act.

Defendants argue that because Michigan has no Survival Act, all actions on claims for injuries which result in death must be brought pursuant to the Wrongful Death Act, and the Act does not provide for such recovery in that the Act's language, "pain and suffering", only allows recovery for "the period intervening between the time of the inflicting of such injuries and ... death." Defendants further argue that there having been no common law right of recovery in the survivors of a person wrongfully killed, the sole source of rights in such a case is the statute. We are not persuaded that common law in Michigan does not allow recovery for pre-impact fright and terror, in which case, under the Wrongful Death Act, plaintiffs may recover

for such claims that the decedent would have had should she have survived.

Long established Michigan case law supports the notion that recovery may be sought and awarded for not only "bodily pain, but mental suffering, anxiety, suspense and fright which might be treated as elements of the injury...". *Sherwood v. Railroad Co.,* 82 Mich. 374, 383, 46 N.W. 773 (1890); see also, *Geveke v. Grand Rapids & Indiana R. Co.,* 57 Mich. 589, 24 N.W. 675 (1885); *Howe v. Chicago, Kalamazoo & Saginaw R. Co.,* 139 Mich. 638, 641, 103 N.W. 185 (1905); *Draisma v. United States,* 492 F.Supp. 1317, 1320 (W.D.Mich.1980).

In *Taylor v. Michigan,* 45 Mich.App. 453, 206 N.W.2d 815 (1973) the Court stated:

Defendant contends that the trial court erred in adding the words 'mental anguish', 'fright', and 'shock' to his jury instructions on the issue of conscious pain and suffering prior to death. Although Michigan Standard Jury Instructions are not to be given the force and effect of Court rules, nevertheless this volume was the work of a committee created by our Supreme Court. 383 Mich. xxxviii (1970). It is, therefore, entitled to some deference ... We find no instructional error on the facts of this case.

Plaintiffs further point out that in the commentary following the Michigan Standard Jury Instructions under the Wrongful Death Act it is stated:

Where appropriate, elements of damages such as those listed in SJI 2d 50.02 may be inserted into this instruction. See, *Taylor v. Michigan Power Co.,* 45 Mich. App. 453, 457, 206 N.W.2d 815, 818 (1973).

Mich. SJI 2d § 45.02 at 7–10 (1981).

The instructions at SJI 2d §§ 50.01, 50.-02(c) allow a jury to include the element of "fright and shock" if they decide that a plaintiff is entitled to damages resulting from the negligence of the defendant, taking into account the nature and extent of the injury. A review of the above-cited authority convinces this Court that plaintiffs herein are entitled to submit to the jury their claim for pre-impact fright and

shock and recover damages for the same should they carry their burden of proof on the issue at trial.

## IV

Defendants move for partial summary judgment on the claims of Willeen E. Platt on the basis that by virtue of her relationship to the deceased she is not entitled to recover damages either as a result of the wrongful death of Marcia E. Platt or by virtue of any mental anguish and suffering of Willeen E. Platt. Defendants state that Willeen E. Platt did not marry Robert Platt, father of the deceased, until July 14, 1973, when Marcia E. Platt was twenty years old. Defendants further claim that Marcia E. Platt's mother died on November 12, 1972, that Marcia E. Platt was never adopted by Willeen E. Platt, that Marcia E. Platt never lived in the home with her father and stepmother after their marriage in 1973, and that no other relationship exists between Marcia E. Platt and Willeen E. Platt "other than that of a close personal friend." Defendants claim that under Michigan law, Willeen E. Platt is not a person entitled to recover for emotional shock or anguish or for damages under the Michigan Wrongful Death Act.

While it appears to this Court that Willeen E. Platt is not a person of the class entitled to recover under the Wrongful Death Act, Plaintiff Willeen E. Platt asserts that she is entitled to recover for negligent infliction of mental distress as she has established bonds as the stepmother of Marcia E. Platt so as to be a part of a family unit. Defendants argue that under Michigan law that persons entitled to maintain an action for emotional shock without the necessity of a direct physical impact are limited to members of the immediate family. This Court need not reach the question of whether, as stepmother, Willeen E. Platt is an "immediate family member", because the Court is not convinced that Willeen E. Platt, by virtue of marrying Robert Platt in 1973, when Marcia Platt was twenty years old and living outside the "family home", falls within the class of persons intended,

under Michigan law, to recover for emotional shock under the circumstances of this case. *Williams v. Citizens Mutual Ins.,* 94 Mich.App. 762, 290 N.W.2d 76 (1980); *Gustafson v. Faris,* 67 Mich.App. 363, 241 N.W.2d 208 (1976). For these reasons, defendants' Motion for Partial Summary Judgment as to the claims of Willeen E. Platt will be GRANTED.

For reasons stated in this Opinion, defendants' Motion to dismiss plaintiffs' claims for conscious pain and suffering and for pre-impact fright and terror of the deceased as well as the claims of Karen E. Platt and Marilyn Porter, will be DENIED.

## ORDER

This matter having come before the Court on Defendants' Motion for Partial Summary Judgment as to the claims of Willeen E. Platt and Defendants' Motion to dismiss plaintiffs' claims for conscious pain and suffering and for pre-impact fright and terror of the deceased as well as the claims of Karen E. Platt and Marilyn Porter, and the Court having reviewed the briefs of the parties and heard the oral arguments of counsel, being otherwise fully advised in the premises and for the reasons set forth in the Opinion herein attached

IT IS ORDERED that Defendants' Motion for Partial Summary Judgment as to the claims of Willeen E. Platt be and the same hereby is GRANTED;

IT IS FURTHER ORDERED that Defendants' Motion to dismiss plaintiffs' claims for conscious pain and suffering and for pre-impact fright and terror of the deceased as well as the claims of Karen E. Platt and Marilyn Porter be and the same hereby is DENIED;

IT IS FURTHER ORDERED that this cause shall proceed to mediation pursuant to the order of reference entered May 17, 1982 upon entry of the Order regarding Defendants' Motion to Dismiss Claims of Robert Platt.